HOLT, APPELLANT, *v.* CUSTER COUNTY ET AL., RE-SPONDENTS.

(No. 5,864.)

(Submitted January 13, 1926. Decided February 3, 1926.)

[243 Pac. 811.]

*Injunction — Sale of Municipal Bonds — Right of Action — Statutes — Constitutionality — Who may not Attack — Moot Questions.*

Injunction—Sale of Municipal Bonds—Who may not Maintain Action.
    1.  Under the rule that he only may maintain an action who can show that he has a right to be enforced or a wrong to be prevented or redressed (Rev. Codes 1921, sec. 8997), *held*, that plaintiff in an action to enjoin a sale of county bonds duly voted, who alleged himself to be a citizen, resident and qualified elector of the county, but who did not make it appear that he was a taxpayer or that he had been denied the right to vote at the election, had no standing in court as a suitor.

Actions—Statutes—Who may not Attack Constitutionality.
    2.  One whose interests have not been, or are not about to be, preju-dicially affected by the operation of a statute may not attack the constitutionality of the statute in a court of justice.

---

2.  Who may raise objection to constitutionality of statute or or-dinance, see notes in 19 Ann. Cas. 175; Ann. Cas. 1915C, 57. See, also, 6 R. C. L. 89.

[75 Mont. 328.]

Same—Moot Questions.
    3. To invoke the jurisdiction of a court there must be a genuine, existing controversy calling for the adjudication of present rights involved; courts are not called upon to decide questions not arising in the due course of litigation.

---

  [1] Actions, 1 C. J., sec. 85, p. 982, n. 78, 79. Counties, 15 C. J., sec. 355, p. 644, n. 13.
  [2]. Constitutional Law, 12 C. J., sec. 177, p. 760, n. 57.
  [3] Actions, 1 C. J., sec. 66, p. 972, n. 97; sec. 68, p. 973, n. 11, 13; p. 974, n. 15; sec. 85, p. 982, n. 74, 75. Parties, 30 Cyc., p. 44, n. 82.

*Appeal from District Court, Custer County; S. D. Mc-Kinnon, Judge.*

ACTION by W. E. Holt against Custer County and others. From a judgment for defendants, plaintiff appeals. Affirmed.

*Mr. H. E. Herrick,* for Appellant, submitted a brief.

*Mr. L. A. Foot,* Attorney General, and *Mr. Rudolph Nelstead,* County Attorney of Custer County, for Respondents, submitted a brief; *Mr. Nelstead* argued the cause orally.

*Mr. C. A. Spaulding, Amicus Curiae,* submitted a brief.

MR. JUSTICE GALEN delievered the opinion of the court.

This action was instituted by the plaintiff as a citizen, resident and qualified elector of Custer county to secure an injunction restraining the defendants from the threatened issuance and sale of bonds against the county of Custer to the amount of $50,000, intended to be used for the construction of a steel bridge across the Powder River, which river is now well known in western rhyme and song. After issue joined, the case was submitted to the court upon an agreed statement of facts. The court found in favor of the defendants and judgment was entered accordingly. The appeal is from the judgment.

---

  **3.** What constitutes moot case, see note in **Ann. Cas. 1918B,** 558.

The regularity of the election held authorizing the issuance [1] of the bonds and the constitutionality of the statute providing for the submission of the question to the people are by the plaintiff attacked. However, since the allegations of the complaint and the statements contained in the agreed facts do not show a right of action vested in the plaintiff on any theory, this court is not in position to consider the questions argued and presented on the appeal. In his complaint he alleges that he "is now, and has been for several years last past, a citizen and resident and duly qualified and registered elector of Custer county," and in the agreed statement of facts his right of action is again predicated on a similar recital. It does not appear that he is either a taxpayer, or that he was wrongfully, or otherwise, denied a right to vote at the election. Consequently he is in no position to complain. It does not devolve upon this court to determine the constitutionality of the law or decide the merits of the questions involved, where the complainant does not show that he has been, or is likely to be, injured. The constitutionality of a statute can never be called in question by a person whose interests have not been, or are not about to be, prejudicially affected by its operation. (*State ex rel. Holliday* v. *O'Leary,* 43 Mont. 157, 115 Pac. 204; *Potter* v. *Furnish,* 46 Mont. 391, 128 Pac. 542; *Barth* v. *Pock,* 51 Mont. 418, 155 Pac. 282; *Pohl* v. *Chicago, M. & St. P. Ry. Co.,* 52 Mont. 572, 160 Pac. 515.)

To maintain an action the plaintiff must show that he has [2] a right to be enforced or a wrong to be prevented or redressed. (Sec. 8997, Rev. Codes 1921.) One possessing a right may enforce it by appropriate action, even though his motives are questionable (*Simonsen* v. *Barth,* 64 Mont. 95, 208 Pac. 938), but he is without standing where it is not shown that his rights have been, or are about to be, invaded. An action must be prosecuted in the name of the real party in interest, with certain exceptions, not applicable here (sec. 9067,

Rev. Codes 1921), and failure to show rights invaded or threatened with invasion leaves the plaintiff with no status in court (*Kelly* v. *Gullickson, ante,* p. 67, 241 Pac. 624). To invoke the jurisdiction of a court of justice it is essential that there [3] be involved a genuine, existing controversy calling for the adjudication of present rights involved. The courts are not constituted nor operated for the vindication of parties with respect to their conception of the correct application of the law, and it does not devolve upon them to decide questions not arising in the due course of litigation simply for the gratification of the parties or others. (1 Cal. Jur. 335.)

Since the plaintiff has no standing in court, we would not be justified in giving serious consideration to the questions argued on this appeal. Had a general demurrer been interposed to the complaint in the first instance, it should have been sustained.

For the reasons stated, the judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, STARK and MATTHEWS concur.

Rehearing denied February 23, 1926.