## McLEOD v. McLEOD.

1. DECLARATORY JUDGMENT—RELIEF—JURISDICTION—DISCRETION OF COURT.

   The exercise of the jurisdiction conferred by the declaratory judgment act is discretionary with the court, and where no consequential relief is sought, it will be exercised with great care, extreme caution, and only where there are special circumstances demanding it (CL 1948, § 691.501 *et seq.*).

2. SAME—ACTUAL CONTROVERSY—RES JUDICATA—PARTIES.

   The declaratory judgment act required that there be an actual and bona fide controversy before the court as to which the judgment rendered will be *res judicata,* and that all interested parties be before the court (CL 1948, § 691.501 *et seq.*).

3. SAME—FUTURE RIGHTS.

   The court will not decide as to future rights, under the declaratory judgment act, but will wait until the event has happened, unless special considerations otherwise require (CL 1948, § 691.501 *et seq.*).

4. SAME—CONTINGENCY.

   A declaration of rights will not be made under the declaratory judgment act in a matter where the interest of the plaintiff is merely contingent upon the happening of some event (CL 1948, § 691.501 *et seq.*).

REFERENCES FOR POINTS IN HEADNOTES
[1, 7, 9] 16 Am Jur, Declaratory Judgments § 14.
   Declaration of rights or declaratory judgments.   12 ALR 52, 19 ALR 1124, 50 ALR 42, 68 ALR 110, 87 ALR 1205.
[2] 16 Am Jur, Declaratory Judgments §§ 9–11.
[3] 16 Am Jur, Declaratory Judgments § 18.
[4] 16 Am Jur, Declaratory Judgments § 19.
[5] 16 Am Jur, Declaratory Judgments § 21.
[6] 16 Am Jur, Declaratory Judgments § 20.
[8] 16 Am Jur, Declaratory Judgments § 15.
[10] 16 Am Jur, Declaratory Judgments § 30.

5. SAME—CONSEQUENTIAL RELIEF.

A court will not entertain a case under the declaratory judgment act where the court is asked for no consequential relief, if the effect is to interfere with the rights of a party to appeal to a court having jurisdiction of the particular matter by statute (CL 1948, § 691.501 *et seq.*).

6. SAME—DISPUTED QUESTIONS OF FACT.

A court will refuse to make a declaration of rights under the declaratory judgment act where the declaration can be made only after a judicial investigation of disputed facts, especially where the disputed questions of fact will be the subject of judicial investigation in a regular action (CL 1948, § 691.501 *et seq.*).

7. SAME—ACTUAL CONTROVERSY—PLEADINGS.

A requisite to a proceeding under the declaratory judgment act is that there be an actual controversy over a specific issue to be set up in pleadings so that a binding declaration of rights may be made thereon (CL 1948, § 691.501 *et seq.*).

8. SAME—JURISDICTION—EQUITY—RELIEF.

A proceeding under the declaratory judgment act is special, is not a substitute for other legal actions, and is not an exercise of general equity jurisdiction in which the court may grant consequential relief under general prayer or on general equitable considerations (CL 1948, § 691.501 *et seq.*).

9. SAME—RIGHTS IN PRAESENTI.

The rights to be adjudicated in a suit for a declaration of rights extend to such as are in force and effect at the time that the action is brought, or which are bound to arise, or to become fully vested, at some future time (CL 1948, § 691.501 *et seq.*).

10. SAME—VALIDITY OF DISINHERITANCE CLAUSE—SPECIFIC PERFORMANCE OF ORAL AGREEMENT.

The declaratory judgment act was not properly invoked by son against executors of father's will for declaratory decree in respect to validity of disinheritance clause in event plaintiff sought specific performance of alleged oral agreement of father as to distribution of father's estate based upon children's agreement to omit probating mother's will and father's promise to make enabling prenuptial agreement in the event of a remarriage, since the case does not involve rights which *must vest* in the future or with a written instrument purporting to create such rights (CL 1948, § 691.501 *et seq.*).

Appeal from Wayne; Sullivan (Joseph A.), J. Submitted October 5, 1961. (Docket No. 24, Calendar No. 49,145.) Decided December 1, 1961.

Bill by Malcolm McLeod against Clarence J. McLeod, Jr., Mary Louise DeMarco McLeod, individually and as a coexecutor, Manufacturers National Bank of Detroit, coexecutor of the will of Clarence J. McLeod, Sr., and others, for declaratory decree in respect to validity of disinheritance clause in will in the event of litigation which would ask for specific performance of decedent's oral contract. Bill dismissed. Plaintiff appeals. Affirmed.

*Joseph W. Louisell* (*Michael K. Hegarty,* of counsel), for plaintiff.

*Peter I. Chirco* ( *I. John Snider II,* of counsel), for defendants Mary Louise DeMarco McLeod and Manufacturers National Bank of Detroit.

CARR, J. The bill of complaint filed by plaintiff in this case asks a declaratory judgment with reference to a legal question that plaintiff desires to have answered by this Court. In substance the pleading avers that plaintiff's father, Clarence J. McLeod, Sr., invested moneys belonging to the sole and separate estate of plaintiff's mother, acquiring property in the joint names of himself and said mother, and creating tenancies by the entireties in real estate so acquired. Mrs. McLeod passed away on October 9, 1956, and defendant Manufacturers National Bank of Detroit is acting as administrator of her estate.

It is further alleged that following the death of Mrs. McLeod the situation with reference to the property interests in question was discovered, that some conferences were held with reference to a possible adjustment to avoid litigation, and that it was

agreed that the will of Mrs. McLeod should not be probated and that Clarence J. McLeod, Sr., would assign to his 4 children, in equal shares, his statutory interest in the intestate estate belonging to Mrs. McLeod at the time of her death. It is also claimed that the agreement, which apparently was not reduced to writing, contemplated that Clarence J. McLeod, Sr., would bequeath the property to which he had succeeded in ownership as survivor of himself and his wife to said children, and that in the event of a remarriage by him he would by proper prenuptial agreement make it possible for him to carry out his undertakings.

The bill of complaint further avers that in reliance upon the oral agreement claimed plaintiff and the other 3 children of Clarence J. McLeod, Sr., refrained from starting any action for the recovery of property interests belonging to their mother, and that the father was allowed to continue in possession thereof, or of the equivalents of such interests, until the time of his death. On or about February 15, 1959, as it is claimed, the father married Mary Louise DeMarco, who survived him and is named as a defendant in the instant case. Shortly after such marriage Clarence J. McLeod, Sr., executed a will which, as plaintiff asserts, disregarded the verbal agreement into which the parties had entered and left a substantial part of his estate to his then wife who, following the death of the testator, was appointed a coexecutor of the estate with the defendant Manufacturers National Bank. Plaintiff was included with the individual defendants as a beneficiary under the will. The inventory filed indicates, as it is said, a gross estate of approximately $500,000.

The question on which plaintiff requests the judgment of this Court arises because of article 10 of the will of Clarence J. McLeod, Sr. Said article reads as follows:

"As all of my children have been adequately provided for during my lifetime, by the estate of their deceased mother, Marie P. McLeod, I have reserved my right to devise and bequeath my estate as I see fit.  For this reason, if any devisee, legatee or beneficiary under this will shall contest all or any part of its content, then such contesting devisee, legatee or beneficiary shall thereby forfeit all rights he or she may have thereunder, and I hereby revoke any devise, legacy or benefit herein provided for such contesting devisee, legatee or beneficiary, and I give, devise and .bequeath any such share or shares so forfeited to my remaining legatees and devisees in the same proportion in which they presently share in my estate."

Plaintiff in his pleading indicates his position with reference to the alleged oral contract, and the expediency of instituting suit for its enforcement, in the following language:

"Plaintiff alleges that the institution of a proceeding by the filing of a bill of complaint has now become necessary for the specific performance of the said agreement of Clarence J. McLeod, Sr., as hereinbefore set forth, to preserve his rights, and the rights of those similarly situated, but in view of the terms of article 10 of said will of Clarence J. McLeod, Sr. —commonly known as a 'terror' clause, plaintiff does not know as a matter of law whether such a proceeding would be a 'contest' under said article 10, and unless he is able to obtain a declaration of rights from this court, such a proceeding could be perilous and hazardous and result in the loss of the relatively small portion bequeathed to him under said will."

It thus appears that plaintiff is in effect asking this Court to declare whether or not, if he institutes the suit for specific performance that he has in mind and fails to accomplish the desired result, he will, in consequence, be precluded from taking prop-

erty interests devised or bequeathed to him under the provisions of his father's will. On behalf of the coexecutors of the estate of Clarence J. McLeod, Sr., and the widow in her individual capacity, motion was made to dismiss the bill of complaint on the theory that no proper foundation was averred therein for invoking the jurisdiction of the court under the provisions of the statute relating to declaratory judgments and decrees. The trial judge before whom the motion was heard concluded that the factual averments set forth in the pleading filed by plaintiff did not entitle him to the relief sought. In consequence, the motion was granted and the bill of complaint was dismissed. From the order entered plaintiff has appealed.

The statute* under which plaintiff instituted the present suit is entitled:

"An act to authorize courts of record to make binding declarations of rights."

The first section thereof (CL 1948, § 691.501 [Stat Ann § 27.501]) reads as follows:

"No action or proceeding in any court of record shall be open to objection on the ground that a merely declaratory judgment, decree or order is sought thereby, and the court may, in cases of actual controversy, make binding declarations of rights whether any consequential relief is or could be claimed, or not, including the determination at the instance of anyone interested in the controversy, of the construction of any statute, municipal ordinance or other governmental regulation, or any deed, will or other instrument in writing, and a declaration of the rights of the parties interested, but the foregoing enumeration does not exclude other cases of actual controversy."

---

* PA 1929, No 36 (CL 1948, § 691.501 et seq. [Stat Ann § 27.501 et seq.]).

A prior statute providing for declaratory judgments and decrees, PA 1919, No 150, was held unconstitutional in *Anway* v. *Grand Rapids R. Co.*, 211 Mich 592 (12 ALR 26). In the enactment of the present statute certain changes were made which eliminated, in part at least, the objections to the first act, and the validity of the present statute was sustained by this Court in *Washington-Detroit Theatre Co.* v. *Moore*, 249 Mich 673 (68 ALR 105). The opinion of the Court referred to the fact that similar statutes had been enacted in other States, and listed requirements for the exercise of jurisdiction thereunder as approved by other courts throughout the country. The listed requirements read as follows (pp 677, 678):

"1. The exercise of the jurisdiction is discretionary with the court, and where no consequential relief is sought, it will be exercised with great care, extreme caution, and only where there are special circumstances demanding it. *Kariher's Petition*, 284 Pa 455 (131 A 265).

"2. There must be an actual and bona fide controversy as to which the judgment will be *res judicata*. Such a case requires that all the interested parties shall be before the court. *Holt* v. *Custer County*, 75 Mont 328 (243 P 811); *Stinson* v. *Graham* (Tex Civ App), 286 SW 264; *West* v. *City of Wichita*, 118 Kan 265 (234 P 978); *Revis* v. *Daugherty*, 215 Ky 823 (287 SW 28); *Patterson's Ex'rs* v. *Patterson*, 144 Va 113 (131 SE 217); *Tanner* v. *Boynton Lumber Co.*, 98 NJ Eq 85 (129 A 617); *Burton* v. *Durham Realty & Ins. Co.*, 188 NC 473 (125 SE 3); *Ezzell* v. *Exall*, 207 Ky 615 (269 SW 752); *Shearer* v. *Backer*, 207 Ky 455 (269 SW 543); *Kelly* v. *Jackson*, 206 Ky 815 (268 SW 539).

"3. The court will not decide as to future rights but will wait until the event has happened, unless special considerations otherwise require. *Tanner* v. *Boynton Lumber Co., supra; In re Gooding's Will,*

124 Misc 400 (208 NYS 793); *Kariher's Petition, supra.*

. "4. A declaration will not be made in a matter where the interest of the plaintiff is merely contingent upon the happening of some event. *Hodges* v. *Hamblen County,* 152 Tenn 395 (277 SW 901).

"5. Where the court is asked for no consequential relief, it will not entertain the case if the effect is to interfere with the rights of a party to appeal to a court having jurisdiction of the particular matter by statute. *Kariher's Petition, supra; Wight* v. *Board of Education of the Town of Westfield,* 99 NJ Eq 843 (133 A 387); *Shearer* v. *Backer, supra; State, ex rel. Baird,* v. *Board of County Commissioners of Wyandotte County,* 117 Kan 151 (230 P 531); *Proctor* v. *Avondale Heights Co.,* 200 Ky 447 (255 SW 81); *List's Estate,* 283 Pa 255 (129 A 64); *Hagan* v. *Dungannon Lumber Co.,* 145 Va 568 (134 SE 570).

"6. Ordinarily the court will refuse a declaration which can be made only after a judicial investigation of disputed facts, especially where the disputed questions of fact will be the subject of judicial investigation in a regular action. *Newsum* v. *Interstate Realty Co.,* 152 Tenn 302 (278 SW 56)."

Citing the above decision, it was said in *Village of Grosse Pointe Shores* v. *Ayres,* 254 Mich 58, 62, that:

"A requisite to the proceeding is an actual controversy over a specific issue to be set up in the pleadings, in order that a binding declaration of rights may be made thereon. The proceeding is special, is not a substitute for the regular actions, and is not an exercise of general equity jurisdiction in which the court may grant consequential relief under a general prayer or upon general equitable considerations."

Among other decisions involving the interpretation and scope of the declaratory judgment act is *Evans Products Co.* v. *State Board of Escheats,* 307

Mich 506.  It was there held (p 532) that the application of the statute must be limited to "bona fide justiciable issues", and that the Court could not properly pass thereunder upon merely anticipated controversies.  The basic rule of interpretation to be observed was indicated in the following language (p 527):

"In considering this appeal it is essential that we keep in mind the fact that the present proceeding is for a binding declaration of rights.  The purpose and effect of the act authorizing courts to make binding declarations of rights (PA 1929, No 36 [CL 1929, §§ 13903–13909 (Stat Ann §§ 27.501–27.507)]) must not be overlooked.  It is not a substitute for regular action.  Plaintiffs ask that we construe various provisions of the act, determine the legal status of particular transactions where an actual controversy may hereafter exist between persons not now parties herein, and where extraneous or special circumstances may control a decision.  Such questions have no proper place in this proceeding, and the construction of the act will not be here considered except as it may be necessary in a determination of the constitutional questions involved."

The rights to be adjudicated in a suit for a declaratory judgment or decree extend to such as are in force and effect at the time that the action is brought, or which are bound to arise, or to become fully vested, at some future time.  See *City of Flint* v. *Consumers Power Co.*, 290 Mich 305.  Typical situations involving the right to proceed under the statute in question were presented in *Village of Breedsville* v. *Township of Columbia*, 312 Mich 47, and in *Henry* v. *Henry*, 362 Mich 85.  It has been repeatedly declared that such statutory proceeding may not be regarded as a substitute for other legal actions. *Brown* v. *Brodsky*, 348 Mich 16, and prior decisions there cited.

In the case now at bar it is obvious that the legal question that plaintiff seeks to have answered will not arise unless he institutes a suit for specific performance of the alleged verbal agreement between his father and the plaintiff and plaintiff's brother and sisters, and fails to prevail therein. We are not concerned, in other words, with rights that *must vest* in the future or with the interpretation of a written instrument purporting to create such rights. Plaintiff apparently desires a declaration by the Court that will be controlling in his favor if he institutes a suit for specific performance of the oral agreement that he claims was made. We are in accord with the conclusion of the trial judge that the declaratory judgment act may not properly be invoked for the determination of the question of law submitted by plaintiff in his bill of complaint.

The motion to dismiss was properly granted, and the order entered is affirmed. Appellees may have costs,

DETHMERS, C. J., and KELLY, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.

OTIS M. SMITH, J., took no part in the decision of this case.