*In re* MILLER OSBORNE PERRY TRUST

Docket No. 309725. Submitted February 13, 2013, at Lansing. Decided February 19, 2013, at 9:10 a.m. Leave to appeal sought.

Miller O. Perry established a trust in 1993 and amended it in 2006 to provide that a majority of his estate, 75 percent, would go to Susan Perry, Miller Perry's daughter, 12.5 percent would go to Mark Perry, a nephew of Susan Perry, and 12.5 percent would go to Debra C. Pinedo, Mark Perry's half-sister. Miller Perry also added a no-contest clause that provided essentially that if a beneficiary of the trust, with or without court approval, challenged or contested the admission of the trust to probate or any portion of the trust, the beneficiary would receive nothing from the trust. The provision also provided that it is not a challenge or contest if the personal representative, trustee, or a beneficiary seeks court interpretation of ambiguous or uncertain provisions in the trust. After Miller Perry died in 2010, Mark Perry petitioned in the Ingham County Probate Court, seeking a determination whether he had probable cause to challenge the amendment under MCL 700.7113, which provides that a provision in a trust that purports to penalize an interested person for contesting the trust or instituting another proceeding relating to the trust shall not be given effect if probable cause exists for instituting a proceeding contesting the trust or another proceeding relating to the trust. Mark Perry stated in his petition that his petition should not be construed as one contesting the validity of the trust but as one seeking a declaratory judgment, pursuant to MCR 2.605, regarding the existence of probable cause if he were to bring such an action. In response to the petition, Susan Perry, acting as the trustee for the trust, denied that she had had an undue influence on Miller Perry and asked the probate court to hold that Mark Perry's request for declaratory relief constituted a "contest" of the trust, thus triggering the no-contest clause. The probate court, Richard J. Garcia, J., denied Mark Perry's request for a declaratory ruling, determining that there was no probable cause to support the allegation that the amendment of the trust had resulted from undue influence. The probate court also determined that Mark

Perry's petition was not a challenge or contest to the trust sufficient to invoke the no-contest clause. Susan Perry, trustee for the trust, appealed.

The Court of Appeals *held*:

1. Susan Perry has a sufficient pecuniary interest to meet the requirements pertaining to an appeal as of right stated in MCR 7.203(A), because she has a duty to ensure that the trust is properly administered and may be liable if she fails to protect the trust's assets.

2. Mark Perry's petition did not constitute a challenge to the trust under the no-contest clause.

3. No-contest clauses generally are valid and enforceable, however, courts construe such clauses strictly. The no-contest clause in this case did not provide that a beneficiary would forfeit rights under the trust if the beneficiary filed "any" legal action, however tangentially related to the trust. It provided for forfeiture only if a beneficiary contested or challenged the trust's admission to probate or a provision of the trust. Mark Perry was not challenging the trust itself, did not ask the probate court to pass judgment on any term within the trust, did not allege that the no-contest clause was itself invalid, and did not seek monetary relief. The request by Mark Perry that the probate court order that "the existence of probable cause renders unenforceable the [no-contest] clause" was relief that the probate court did not have the authority to grant because Mark Perry stated in his petition that he was not actually challenging the trust—and the no-contest clause is a provision of the trust. Such request did not transform Mark Perry's petition into a legal challenge to the trust. The petition, when read as a whole, did not actually challenge the trust in any of the ways specified under the no-contest clause. The probate court did not err when it denied Susan Perry's request to have Mark Perry's interest in the trust forfeited.

Affirmed.

TRUSTS — NO-CONTEST CLAUSES — PROBABLE CAUSE EXCEPTION.

A provision in a trust that purports to penalize an interested person for contesting the trust or instituting another proceeding relating to the trust, otherwise known as a no-contest clause, is generally valid and enforceable, however, such a provision may not be given effect if probable cause exists for the person's instituting a proceeding contesting the trust or another proceeding relating to the trust; courts construe no-contest clauses strictly and may order a forfeiture under such a clause only if the interested

person's actions come strictly within the express terms of the no-contest clause (MCL 700.7113).

*Chalgian & Tripp Law Offices, PLLC* (by *Douglas G. Chalgian*), for Susan Perry.

*Foster, Swift, Collins & Smith, P.C.* (by *Douglas A. Mielock*), for Mark Perry.

Before: FITZGERALD, P.J., and METER and M. J. KELLY, JJ.

PER CURIAM. Susan Perry, acting as the trustee for the Miller Osborne Perry Trust (the "Trust"), appeals as of right the probate court's finding that Mark D. Perry's suit for declaratory relief did not constitute a challenge to the Trust within the meaning of the Trust's forfeiture clause—otherwise known as a no-contest clause. On appeal, Susan Perry argues that the probate court clearly erred because, after it found that Mark Perry would not have had probable cause to challenge the Trust within the meaning of MCL 700.7113, it had to find that his suit triggered the no-contest clause. As such, she further maintains, the probate court should have determined that Mark Perry forfeited his distributions under the Trust. Because we conclude that Mark Perry's suit for declaratory relief did not constitute a challenge to the Trust as stated in the Trust's no-contest clause, we affirm.

I. BASIC FACTS

Miller Osborne Perry established the Trust in January 1993. Susan Perry is Miller Perry's daughter and Mark Perry's aunt.

In November 2006, Miller Perry amended the Trust to give the majority of his estate to Susan Perry; he

established that 75 percent would go to Susan Perry, 12.5 percent to Mark Perry, and the remaining 12.5 percent would go to Mark Perry's half-sister, Debra C. Pinedo. He also added § 4.4, which provided that any beneficiary who challenges the admission of the Trust to probate or any of the Trust's provisions would forfeit his or her benefits under the Trust:

> If any beneficiary under this trust or any heir of mine, or any person acting, with or without court approval, on behalf of a beneficiary or heir, shall challenge or contest the admission of this trust to probate, or challenge or contest any provision of this trust, the beneficiary or heir shall receive no portion of my estate, nor any benefits under this trust. However, it will not be a "challenge or contest" if my personal representative, trustee or a beneficiary seeks court interpretation of ambiguous or uncertain provisions in this trust.

Miller Perry died in March 2010, at 102 years of age.

After discovering evidence that his aunt may have had a questionable influence over Miller Perry during his final years, Mark Perry petitioned in the probate court for declaratory relief. Specifically, he asked the court to determine whether he had "probable cause" to challenge the Trust's 2006 amendments under MCL 700.7113. In his petition, Mark Perry stated that his petition should "not . . . be construed as contesting the validity of the trust, but rather only seeks a declaratory judgment pursuant to MCR 2.605 on the existence of probable cause if [he] *were* to bring such an action." (Italics added.)

In response to Mark Perry's petition, Susan Perry denied that she had had an undue influence on her father. She also asked the probate court to hold that Mark Perry's request for declaratory relief constituted a "contest" of the Trust under § 4.4, thus triggering the

no-contest clause. After a hearing on the issue, the probate court denied Mark Perry's request for a declaratory judgment, but also determined that his petition was not a contest or challenge under § 4.4.

## II. JURISDICTION

As a preliminary matter, we note that Mark Perry argues on appeal that Susan Perry is not an aggrieved party under MCR 7.203(A) because she appealed as the Trust's trustee and, in that capacity, she did not suffer a concrete or particularized injury. See *Federated Ins Co v Oakland Co Rd Comm*, 475 Mich 286, 290-291; 715 NW2d 846 (2006). For that reason, he maintains that this Court lacks jurisdiction to hear her appeal. It is not clear that Susan Perry appealed solely as the Trust's trustee and not also in her personal capacity. In any event, because Susan Perry has a duty to ensure that the Trust is properly administered according to its terms and for the benefit of all its beneficiaries and she may be liable if she fails to protect the Trust's assets, including as provided under the no-contest clause, MCL 700.7801, MCL 700.7812, MCL 700.7901, MCL 700.7902, we conclude that she has a sufficient pecuniary interest to meet the requirements stated under MCR 7.203(A).

### III. THE NO-CONTEST CLAUSE

#### A. STANDARD OF REVIEW

This Court reviews de novo the proper interpretation of both statutes and trusts. *In re Reisman Estate*, 266 Mich App 522, 526; 702 NW2d 658 (2005). However, this Court reviews a trial court's factual findings underlying its conclusions of law for clear error. MCR 2.613(C).

No-contest clauses, such as that found under the Trust's § 4.4, are generally valid and enforceable. See *Farr v Whitefield*, 322 Mich 275, 280; 33 NW2d 791 (1948). However, the Legislature in 2009 PA 46, effective April 1, 2010, amended the Michigan Trust Code to limit the scope of no-contest clauses: "A provision in a trust that purports to penalize an interested person for contesting the trust or instituting another proceeding relating to the trust shall not be given effect if probable cause exists for instituting a proceeding contesting the trust or another proceeding relating to the trust." MCL 700.7113. The probate court found that Mark Perry would not have probable cause under that statute to challenge the validity of the Trust's amendments. Accordingly, if Mark Perry's request for declaratory relief constituted a challenge to the Trust, as defined under § 4.4, then Mark Perry forfeited his interest under the Trust by challenging it without probable cause to do so. However, we do not agree that his petition for declaratory relief constituted a challenge to the Trust under § 4.4.

When interpreting the meaning of a trust, this Court must ascertain and abide by the intent of the settlor. *In re Kostin Estate*, 278 Mich App 47, 53; 748 NW2d 583 (2008). We must look to the words of the trust itself. *Id*. Courts must, however, construe no-contest clauses strictly. See *Saier v Saier*, 366 Mich 515, 520; 115 NW2d 279 (1962). Thus, this Court may forfeit Mark Perry's distributions only if his actions "come strictly within the express terms" of the no-contest clause at issue. *Id*. (quotation marks, citation, and emphasis omitted).

Under § 4.4, Miller Perry did not provide that a beneficiary would forfeit his or her rights under the Trust if the beneficiary filed *any* legal action—however

tangentially related to the Trust. Instead, he provided that only a beneficiary who contests or challenges the Trust's *admission* to probate or who challenges a *provision* will forfeit his or her rights under the Trust.

In his suit, Mark Perry stated that he was not challenging the Trust itself. Moreover, in his allegations, he did not ask the probate court to pass judgment on any term within the Trust, did not allege that the no-contest clause was actually invalid, and did not seek monetary relief. He did, however, ask the probate court in his prayer for relief to order that "the existence of probable cause renders unenforceable the [no-contest] clause." Because he stated in the body of his petition that he was not actually challenging the trust—and the no-contest clause is a provision in the trust—the probate court would have no authority to grant the requested relief. Thus, this request did not transform his petition into a legal challenge to the Trust.

When the petition is examined as a whole, it is clear that Mark Perry asked the probate court to examine his evidence and determine whether that evidence *would* give him probable cause—as that phrase is understood under MCL 700.7113—if he *were* to challenge the Trust. That is, he essentially posed a hypothetical scenario to the probate court and asked it to advise him about the probable application of a statute—MCL 700.7113—to his proposed scenario. For that reason, Mark Perry likely failed to allege a justiciable controversy. See *Shavers v Attorney General*, 402 Mich 554, 588-589; 267 NW2d 72 (1978) (stating that courts should not decide hypothetical issues; rather, declaratory relief is only appropriate where the plaintiff has sufficiently alleged an actual justiciable controversy).[1]

---

[1] MCL 700.7113 nullifies the operation of a no-contest clause ("shall not be given effect") with regard to challenges for which there was

Nevertheless, whether the probate court had the authority to make the probable cause determination is not now before us. The only question is whether the probate court properly found that Mark Perry's petition did not amount to a challenge that would trigger the no-contest clause. When his petition is read as a whole, it is clear that Mark Perry did not actually challenge the Trust in any of the ways specified under the no-contest clause. Therefore, the probate court did not err when it denied Susan Perry's request to have Mark Perry's interest forfeited.

Affirmed.

FITZGERALD, P.J., and METER and M. J. KELLY, JJ., concurred.

---

"probable cause" for "instituting" the challenge. Hence, MCL 700.7113 does not operate to nullify a no-contest clause's operation until there is an actual challenge and then only if there was probable cause to bring the challenge. Because the issue whether probable cause existed necessarily turns on the evidence that the challenging party had at the time he or she instituted the challenge, a trial court cannot properly make a probable cause determination until after the challenge has been made.