# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 8, 2013

146901

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

In re MILLER OSBORNE PERRY Trust.

_____

SUSAN PERRY, Trustee for the MILLER
OSBORNE PERRY Trust,
       Appellant,

v

MARK D. PERRY,
       Appellee.

_____/

SC: 146901
COA: 309725
Ingham Probate Court:
12-000191-TV

On order of the Court, the application for leave to appeal the February 19, 2013 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*dissenting*).

Appellee is a beneficiary of the Miller Osborne Perry Trust. The trust contains a "no-contest" or "*in terrorem*" clause stating that

> [i]f any beneficiary under this trust or any heir of mine . . . shall challenge or contest the admission of this trust to probate, or challenge or contest any provision of this trust, the beneficiary or heir shall receive no portion of my estate, nor any benefits under this trust.

Under MCL 700.7113, such a clause is enforceable against a challenging beneficiary or heir unless "probable cause exists for instituting a proceeding contesting the trust . . . ." Appellee brought the instant declaratory judgment action, requesting that the trial court assess whether he had probable cause to file a future action directly challenging the trust. Appellant, as trustee, defended the action and countered that the action constituted a direct challenge to the trust in violation of the no-contest clause. The trial court determined that appellee lacked probable cause for his proposed future action but that the declaratory judgment action did not constitute a prohibited challenge to the trust, and appellant appealed the latter holding. The Court of Appeals indicated that the trial court lacked jurisdiction over the action because of its hypothetical nature, but proceeded nonetheless to hold that by bringing the action, appellee had not thereby breached the no-contest clause.

I would grant leave to appeal to consider the following three questions: (a) as addressed at greater length in Justice VIVIANO's thoughtful dissent, whether in light of MCL 700.7113 the trial court possessed jurisdiction to hear the instant declaratory judgment action, see *McLeod v McLeod*, 365 Mich 25 (1961); (b) whether the Court of Appeals erred by concluding that appellee's declaratory judgment action did not breach the no-contest clause; and (c) whether a beneficiary relying on the exception to the enforcement of a no-contest clause in MCL 700.7113 that enables the beneficiary to receive a portion of, or benefits under, the trust despite having raised a legal challenge to the trust, can establish "probable cause" for bringing his legal challenge when he or she did not ultimately prevail in the legal challenge, see, e.g., *In re Stan Estate*, 301 Mich App 435, 444-445 (2013), citing 2 Restatement Property, 3d, Wills & Other Donative Transfers, § 8.5, comment *c*, at 195.

VIVIANO, J. (*dissenting*).

I respectfully dissent because I believe the lower courts may have erred by reaching a nonjusticiable question.

In its opinion, the Court of Appeals stated:

> When the petition is examined as a whole, it is clear that Mark Perry asked the probate court to examine his evidence and determine whether that evidence *would* give him probable cause—as that phrase is understood under MCL 700.7113—if he *were* to challenge the Trust. That is, he essentially posed a hypothetical scenario to the probate court and asked it to advise him about the probable application of a statute—MCL 700.7113—to his proposed scenario. For that reason, Mark Perry likely failed to allege a justiciable controversy. See *Shavers v Attorney General*, 402 Mich 554, 588-589, 267 NW2d 72 (1978) (stating that court should not decide hypothetical issues; rather, declaratory relief is only appropriate where the plaintiff has sufficiently alleged an actual justiciable controversy). [*In re Miller Osborne Perry Trust*, 299 Mich App 525, 531 (2013).]

Despite its doubts about whether the case presented a justiciable controversy, the Court of Appeals went on to address the merits of the issue presented. I believe that it should not have done so without first addressing, as a threshold matter, whether petitioner had sufficiently alleged a justiciable controversy.

As (now) Chief Justice YOUNG has explained,

> [q]uestions of justiciability may be raised at any stage in the proceedings, even sua sponte, and may not be waived by the parties. Where a lower court has erroneously exercised its judicial power, an appellate court has

jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit. [*Mich Chiropractic Council v Comm'r of the Office of Fin & Ins Servs*, 475 Mich 363, 374 (2006) (opinion by YOUNG, J.) (quotation marks and citation omitted), overruled on other grounds by *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349, 371 n 18 (2010).]

Therefore, I would remand this case to the Court of Appeals for a determination of whether the probate court exceeded the constitutional limits of its "judicial power" under Const 1963, art 6, §1. On remand, I would direct the Court of Appeals to consider *McLeod v McLeod*, 365 Mich 25 (1961), a case that appears to be on point.

In *McLeod*, four children promised their father that they would not sue to recover the assets of their deceased mother. In exchange, the father promised to leave those assets to his children upon his own death. Subsequently, the father remarried and executed a will bequeathing a large portion of the assets in dispute to his new wife. The new will contained an *in terrorem* clause that was to be enforced against anyone who "'contest[ed]'" its provisions. *Id*. at 27-29.

Following the father's death, his son filed a complaint for declaratory relief. The son asked the trial court to declare whether a suit to enforce the oral agreement between the father and his children would qualify as a "contest" to the will. *Id*. at 29-30. The court dismissed the action on the ground that the son's legal question was inappropriate in the context of a declaratory action.

This Court affirmed the trial court's order, emphasizing that declaratory relief is not appropriate when "'a declaration . . . can be made only after a judicial investigation of disputed facts, especially where the disputed questions of fact will be the subject of judicial investigation in a regular action.'" *Id.* at 32, quoting *Washington-Detroit Theatre Co v Moore*, 249 Mich 673, 678 (1930). The Court also explained that a declaratory action "'is not a substitute for the regular actions, and is not an exercise of general equity jurisdiction in which the court may grant consequential relief . . . .'" *McLeod*, 365 Mich at 32, quoting *Gross Pointe Shores v Ayres*, 254 Mich 58, 62 (1931). The Court continued, "It has been repeatedly declared that [declaratory actions] may not be regarded

as a substitute for other legal actions." *McLeod*, 365 Mich at 33, citing *Brown v Brodsky*, 348 Mich 16, 20 (1957).

In *McLeod*, the plaintiff's legal question did not arise in a justiciable manner because he had not brought "a suit for specific performance of the alleged verbal agreement between his father and the plaintiff and [his siblings] and fail[ed] to prevail therein." *McLeod*, 365 Mich at 34. For this reason, this Court concluded that it was "not concerned, in other words, with rights that *must vest* in the future or with the interpretation of a written instrument purporting to create such rights." *Id.* Accordingly, this Court held that declaratory judgment was not appropriate "for the determination of the question of law submitted by plaintiff . . . ." *Id.*

Thus, *McLeod* may be read as establishing the following rule: a party may not use a declaratory action to preview whether a specific course of conduct would violate an *in terrorem* clause. Yet that is exactly what petitioner did in this case. He also asked the probate court to order that "the existence of probable cause renders unenforceable the [no-contest] clause [in view of MCL 700.7113]." *Perry Trust*, 299 Mich App at 531 (first alteration in original). Finally, just as in *McLeod*, petitioner sought a judgment that would be res judicata in the event that someone tried to enforce the *in terrorem* clause against him in subsequent litigation.

In this case, the Court of Appeals did not examine the justiciability of Mark Perry's petition, despite expressing concerns that the case was nonjusticiable and despite caselaw from this Court suggesting that these concerns may have been well founded. Consequently, the law in the area remains unclear. The published Court of Appeals opinion casts serious doubt on the justiciability of the type of question raised by petitioner without ever deciding whether the probate court erred by reaching the merits in the case before it. Absent resolution of this issue by the Court of Appeals or this Court, I believe we are passing on an opportunity to bring clarity to this area of the law and police the constitutional limits of the judicial power. Therefore, I respectfully dissent.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 8, 2013



Clerk

d1105