STATE OF MICHIGAN
COURT OF APPEALS

*In re* ROBERT E. WHITTON REVOCABLE TRUST.

MOLLY MICHALUK,

Petitioner-Appellant,

v

EDDIE WHITTON and RICHARD WHITTON,
Successor Trustees of the ROBERT E. WHITTON
REVOCABLE TRUST,

Respondents-Appellees.

UNPUBLISHED
August 9, 2018

No. 337828
Oakland Probate Court
LC No. 2016-372116-TV

Before: RIORDAN, P.J., and K. F. KELLY and BOONSTRA, JJ.

PER CURIAM.

Petitioner appeals by right the probate court's order denying her petition for "instructions" regarding whether petitioner would violate an *in terrorem* clause in the Robert E. Whitton Revocable Trust (the trust) were she to file a petition seeking to modify the distributive terms of the trust. We vacate in part and affirm.

I. PERTINENT FACTS AND PROCEDURAL HISTORY

Petitioner's father, Robert E. Whitton, created the trust in 1992, which was then restated in 2003. Article VII of the trust governs how certain assets of the trust are to be distributed after Whitton's death, and provides that petitioner is to receive 33% of certain investment accounts. The trust also contains a lengthy *in terrorem* clause, which, if violated, could cost petitioner her distributions from the trust.[1]

---

[1] *In terrorem* clauses, also called "no-contest" clauses, generally provide that a beneficiary of a will or trust forfeits any interest under the instrument if the beneficiary challenges or contests any of its provisions. See *In re Estate of Stan*, 301 Mich App 435, 443; 839 NW2d 498 (2013)

Whitton died in 2015. In 2017, petitioner filed a petition entitled "Petition for Instructions Regarding Modification of Trust." In the petition, petitioner alleged that, before his death, Whitton expressed to friends that he wanted to change the trust to give her one-third of his entire estate. While a draft amendment was created shortly before his death, it was never executed.[2] Petitioner alleged that the estate was worth roughly $150 million, while the investment accounts were worth about $3 million. The petition did not, itself, seek to modify the trust, rather it sought a declaration from the probate court that a petition seeking modification would not trigger the *in terrorem* clause. Petitioner similarly argues on appeal that her petition did not seek to modify the trust; rather, the petition "anticipated a possible future petition to modify the trust" under MCL 700.7412(2)[3] if such a petition were deemed not to violate the *in terrorem* clause.

The probate court heard arguments on the petition in February 2017 and subsequently issued an opinion and order denying the petition; nonetheless, the probate court held that the proposed petition to modify the trust would violate the *in terrorem* clause, and further that there was no probable cause for petitioner to file such a petition. The probate court declined to find that the petition for instructions itself violated the *in terrorem* clause. The probate court denied petitioner's motion for reconsideration.

This appeal followed.[4]

## II. STANDARD OF REVIEW

The probate court's order was effectively a decision under MCR 2.116(I)(1). See *In re Baldwin Trust*, 274 Mich App 387, 398-399; 733 NW2d 419 (2007), aff'd 480 Mich 915 (2007),

---

In Michigan, *in terrorem* clauses are generally enforceable. *In re Perry Trust*, 299 Mich App 525, 530; 831 NW2d 251 (2013). However, under MCL 700.7113, such clauses cannot be enforced if one has "probable cause" to institute the challenge. A trial court cannot properly make a determination regarding probable cause until after an actual challenge has been made. *Id*. at 531 n 1.

[2] This unexecuted draft amendment did not provide petitioner with one-third of Robert's entire estate. Rather, the draft amendment would have continued to provide petitioner only with a portion of certain investment accounts.

[3] MCL 700.7412(2) provides:

> The court may modify the administrative or dispositive terms of a trust or terminate the trust if, because of circumstances not anticipated by the settlor, modification or termination will further the settlor's stated purpose or, if there is no stated purpose, the settlor's probable intention.

[4] In Docket No. 341737, petitioner has filed a second appeal that addresses precisely what amount petitioner is entitled to receive under the terms of the trust as it currently exists. That issue is not before us in this appeal.

-2-

recon den 480 Mich 1192 (2008) ("[A]t any time after an action has commenced, if the pleadings show that a party is entitled to judgment as a matter of law, the court must render judgment without delay. MCR 2.116(I)(1). In that regard, if no factual dispute exists, a trial court is required to dismiss an action when a party is entitled to judgment as a matter of law, and a motion for summary disposition is unnecessary."). This Court "review[s] de novo a trial court's conclusion that a [party] is entitled to judgment as a matter of law under MCR 2.116(I)(1)." *Kenefick v Battle Creek*, 284 Mich App 653, 654; 774 NW2d 925 (2009).

Respondents[5] contend on appeal that the question raised by petitioner was unripe and thus nonjusticiable. No such argument was made below, and the issue thus is not preserved. *Mouzon v Achievable Visions*, 308 Mich App 415, 419; 864 NW2d 606 (2014). But whether a particular dispute is ripe is a question of justiciability. *Mich Chiropractic Council v Comm'r of Office of Fin & Ins Servs*, 475 Mich 363, 370-371; 716 NW2d 561 (2006) (opinion by YOUNG, J.), overruled in part on other grounds by *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349; 792 NW2d 686 (2010). Such questions of justiciability speak to the proper exercise of a court's judicial power, and cannot be waived. *Id*. at 374.[6] "Questions pertaining to justiciability and ripeness comprise constitutional issues, which are . . . reviewed de novo." *Huntington Woods v Detroit*, 279 Mich App 603, 614; 761 NW2d 127 (2008).

### III. ANALYSIS

Petitioner argues that the probate court erred by concluding that a possible future petition to modify the trust would violate the *in terrorem* clause. We agree, not on the merits but because the probate court should have denied the petition as presenting an unripe and nonjusticiable issue.

We note at the outset that, although the probate court's order, by its terms, "denied" petitioner's petition, it actually granted what petitioner requested: the court's opinion regarding whether a hypothetical petition to modify the trust would violate the *in terrorem* clause.[7] Yet petitioner now seeks to have us declare that the probate court's advisory opinion was in error, and essentially issue a contrary advisory opinion holding that a hypothetical future petition would *not* violate the *in terrorem* clause. Arguably given that petitioner received what her petition requested, petitioner is not "aggrieved" for the purposes of taking an appeal. See MCR

---

[5] Respondents are the successor trustees under the trust.

[6] Petitioner contends that *Lansing Sch Ed Ass'n* overruled this holding of *Mich Chiropractic*. It did not. *Lansing Sch Ed Ass'n* overruled the standing test relied on by the Court in *Mich Chiropractic*. *Lansing Sch Ed Ass'n*, 487 Mich at 355-371. It did not reject the general premise that justiciability doctrines, such as ripeness, cannot be waived. *Id*.

[7] The petition requested that the probate court "determine whether the *in terrorem* clause contained in the Trust either will or will not be given effect as to Molly's [proposed] Petition to Modify Trust . . . ." Petitioner received precisely what she requested—a determination— although it did not result in the outcome she preferred.

7.203(A)(1). Nonetheless, because an appeal by right is generally available from a denial of a petition involving interpretation of a trust by the probate court, see MCR 5.801(A)(2), and because the probate court's order facially denied petitioner's petition, we will address petitioner's appeal. For the reasons stated below, we conclude that the probate court should not have opined on the applicability of the *in terrorem* clause and should have dismissed petitioner's petition as unripe and as not presenting an actual case or controversy.

The ripeness doctrine stems from a court's proper exercise of its judicial power. *Huntington Woods*, 279 Mich App at 615. The most "critical element" of a court's authority to decide a particular dispute is the existence of "a genuine case or controversy between the parties, one in which there is a real, not a hypothetical, dispute." *Id*. (quotation marks and citations omitted). "The doctrine of ripeness is designed to prevent the adjudication of hypothetical or contingent claims before an actual injury has been sustained. A claim is not ripe if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Id*. at 615-616 (quotation marks and citations omitted).

While styled as a petition seeking instructions, petitioner was really asking the probate court for a declaration regarding whether a petition to modify the trust would violate the *in terrorem* clause of the trust. In other words, she was seeking declaratory relief.[8] As this Court has explained, "it is the purpose and intent behind the grant of declaratory relief to provide litigants with court access in order to preliminarily determine their rights." *Id*. at 616 (quotation marks and citations omitted). "An actual controversy is deemed to exist in circumstances where declaratory relief is necessary in order to guide or direct future conduct. In such situations, courts are not precluded from reaching issues before actual injuries or losses have occurred." *Id*. (quotation marks and citations omitted).

It is readily apparent that petitioner wishes to manage or eliminate the risk to her inheritance that might be engendered by the filing of a petition to modify or alter the express language of the trust. It is by no means a certainty that petitioner will, in the end, file a petition to modify the trust; but her decision whether to do so was likely to be informed by the probate court's ruling on this first petition. Put another way, petitioner sought legal advice from the probate court regarding whether she would lose her entire inheritance if she were to seek to modify the trust.

Our Supreme Court has held that declaratory relief is not available under the present circumstances. In *McLeod v McLeod*, 365 Mich 25, 27-30; 112 NW2d 227 (1961), the plaintiff similarly asked the trial court to declare whether an *in terrorem* clause in a will would be violated if he filed a petition seeking to enforce a purported oral contract that, if enforced, would

---

[8] "Courts are not bound by the labels that parties attach to their claims." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 691; 822 NW2d 254 (2012). Rather, it is the substance of the action, not the procedural label a party may choose, that determines the gravamen of an action. *Id*. at 691-692.

vary the terms of the will. Our Supreme Court concluded that the question was unripe and not justiciable. *Id*. at 34. As the Court explained:

> In the case now at bar it is obvious that the legal question that plaintiff seeks to have answered will not arise unless he institutes a suit for specific performance of the alleged verbal agreement between his father and the plaintiff and plaintiff's brothers and sisters, and fails to prevail therein. We are not concerned, in other words, with rights that *must vest* in the future or with the interpretation of a written instrument purporting to create such rights. Plaintiff apparently desires a declaration by the Court that will be controlling in his favor if he institutes a suit for specific performance of the oral agreement that he claims was made. We are in accord with the conclusion of the trial judge that the declaratory judgment act may not properly be invoked for the determination of the question of law submitted by plaintiff in his bill of complaint. [*Id*.]

Although there have been subsequent developments in the law regarding declaratory relief,[9] *McLeod* has never been rejected by our Supreme Court, and it thus remains binding on this Court. *Assoc Builders & Contractors v Lansing*, 499 Mich 177, 191; 880 NW2d 765 (2016). Further, our decision in *In re Perry Trust*, 299 Mich App 525; 831 NW2d 251 (2013), is consistent with *McLeod*. In *Perry Trust*, the petitioner requested declaratory relief, asking the probate court to "determine whether he had 'probable cause' to challenge the Trust's 2006 amendments under MCL 700.7113." *Id*. at 528. This Court explained that the petitioner had "likely failed to allege a justiciable controversy" in filing such a petition, as he had simply asked the probate court to rule on a hypothetical question. *Id*. at 531 and n. 1 ("a trial court cannot properly make a probable cause determination until after the challenge has been made"). However, this Court explained that the only question before it was whether the petition requesting declaratory relief *itself* amounted to a challenge that would trigger the no-contest clause. *Id*. at 532. This Court concluded that the petition that was filed did not violate the terms of the specific *in terrorem* clause at issue. *Id*. Similarly, if in the instant case we were asked to consider the probate court's conclusion that the filing of the petition seeking instructions, itself, did not violate the *in terrorem* clause, we could do so without reference to the doctrines of ripeness and justiciability—the filing of the petition having already occurred, the issue of whether that filing triggered the clause would be neither hypothetical nor contingent. However, that issue is not disputed in the case before us.

Under *McLeod*, it is not permissible to ask a probate court to anticipatorily rule that a particular course of action will or will not violate an *in terrorem* clause. *McLeod*, 365 Mich at 34. That is precisely what petitioner asked the probate court to do in this case. The probate court should not have ruled on the petition at all; rather, it should have rejected it as unripe and nonjusticiable. Whether the *in terrorem* clause will have any effect on a future petition for

---

[9] MCR 2.605 was adopted effective March 1, 1985. It is comparable to GCR 1963, 521. See 1985 staff comment to MCR 2.605. Previously, actions for declaratory relief were governed by MCL 691.501 et seq., prior to repeal by 236 PA 1961, effective January 1, 1963.

modification is a purely hypothetical question until such time as petitioner may actually file such a petition. It is petitioner and her counsel, not the probate court, who must determine whether the risk of such an action is worth the potential reward.

Petitioner makes several arguments regarding why her petition was ripe. She first contends that the issue was waived when it was not raised below. However, as stated, questions of justiciability cannot be waived. *Mich Chiropractic Council*, 475 Mich at 374 (opinion by YOUNG, J.). Petitioner also contends that the probate court has subject-matter jurisdiction to hear her petition. The probate court's subject-matter jurisdiction is not the question. Ripeness is a question of constitutional jurisdiction, not one of subject-matter jurisdiction. *Van Buren Charter Twp v Visteon Corp*, 319 Mich App 538, 543 n 1; 904 NW2d 192 (2017).

Petitioner further argues that her petition can be brought under the declaratory judgment court rule, MCR 2.605(A)(1), which allows a court to "declare the rights and other legal relations of an interested party." But *McLeod* holds that a declaratory judgment is not available in situations such as that presented here. *McLeod*, 365 Mich at 34. This Court has no authority to ignore or overrule a decision of our Supreme Court. *Assoc Builders & Contractors*, 499 Mich at 191. Further, the court rule is consistent with *McLeod*. MCR 2.605(1) states that, "[i]n a case of actual controversy *within its jurisdiction*" (emphasis added), Michigan courts may grant declaratory relief. *McLeod* stands for the proposition that there is no justiciable controversy (and hence no jurisdiction) in a case such as that presented here, *McLeod*, 365 Mich at 30-31,34; therefore, MCR 2.605(1) does not, given *McLeod*'s holding of non-justiciability, afford a right of action. For these reasons, we conclude that, under *McLeod*, petitioner's petition was not ripe or justiciable, and should have been dismissed.

We affirm the probate court's order denying petitioner's petition, but for the reason that petitioner's claims were unripe and nonjusticiable. We vacate the probate court's opinion concerning the applicability of the *in terrorem* clause to a hypothetical future petition and its opinion regarding probable cause for the filing of such a hypothetical petition.

/s/ Michael J. Riordan
/s/ Kirsten Frank Kelly
/s/ Mark T. Boonstra