*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* DOUGLAS M. LADNEY 1992 TRUST.

GEORGE G. CONSTANCE, Successor Trustee of
the DOUGLAS M. LADNEY 1992 TRUST,

UNPUBLISHED
December 10, 2025
12:18 PM

Appellee,

v

No. 372414
Macomb Probate Court

SHELLEY LAWSON,

LC No. 2018-226517-TV

Appellant.

Before: TREBILCOCK, P.J., and PATEL and WALLACE, JJ.

PER CURIAM.

Appellant appeals as of right an order granting appellee's motion for declaratory judgment, which found that Douglas M. Ladney's Estate (the Estate) shall be administered separate from the Douglas M. Ladney 1992 Trust (the Trust). We affirm.

## I. FACTS AND PROCEDURAL HISTORY

In 1992, Marguerite Ladney established the Trust to provide her son, Douglas M. Ladney (Ladney), with income during his life. Ladney died without issue and was survived by three siblings. Sections 3.2 and 3.3 of the Trust, which are at issue on appeal, govern the distribution of the Trust's remaining assets upon Ladney's death. Section 3.2, "General Power-Effective on Death," of the Trust states:

On the death of Beneficiary[1] prior to complete distribution of the trust assets, up to one-half the remaining trust assets shall be distributed as Beneficiary may direct

---

[1] Ladney was the Trust's sole beneficiary.

-1-

in an instrument executed by Beneficiary *with all the formalities of a deed* and delivered to the Trustee prior to the death of the Beneficiary. [Emphasis added.]

Section 3.3, "Alternate Disposition," states:

> If Beneficiary dies leaving issue who survive Beneficiary by 180 days, the remaining assets not distributed pursuant to exercise of the power of appointment shall be distributed per stirpes to such surviving issue. If Beneficiary does not leave issue who survive Beneficiary by 180 days, then the remaining assets not distributed pursuant to exercise of any power of appointment shall be distributed per stirpes to Settlor's[2] then living issue.

Appellee, successor trustee of the Trust, was informed that Ladney had executed the Will shortly before Ladney's death. The Will disinherited Ladney's three siblings, appointed appellant as personal representative of the Estate, and distributed half of the Trust's assets under Section 3.2 of the Trust to various friends, neighbors, caregivers, and charities. The Estate requested that the Trust pay half of its assets to the Estate. Appellee refused to comply with that request.

Instead, appellee moved for declaratory judgment seeking an order to prevent the Estate from administering the Trust's assets during probate because the Will was not notarized. Appellee argued that the will failed to comply with Section 3.2 of the Trust, which required that the Will be executed with all the formalities of a deed. Appellant responded by arguing that Section 3 of the Trust granted Ladney a power of appointment to distribute half of the Trust's assets upon his death, which he exercised in the Will. Additionally, appellant argued that the trial court could overlook technical defects in the Will under MCL 700.2503 and that the Trust's terms violated public policy.

The trial court granted declaratory judgment and found that the Will did not conform to Section 3.2 of the Trust, which required that an instrument disposing half of the Trust's assets be executed with all the formalities of a deed. The trial court explained that the plain language of settlor's directives and intent governed the interpretation of the Trust. The trial court also found that the Trust's terms were not against public policy.

## II. STANDARD OF REVIEW

We review "de novo the proper interpretation of both statutes and trusts." *In re Miller Osborne Perry Trust*, 299 Mich App 525, 529; 831 NW2d 251 (2013). De novo means that we review "the legal issue independently, without deference to the lower court." *In re Reliability Plans of Electric Utilities for 2017-2021*, 505 Mich 97, 118-119; 949 NW2d 73 (2020). "This Court reviews the probate court's findings of fact for clear error. A factual finding is clearly erroneous when this Court is left with a definite and firm conviction that a mistake has been made." *In re Estate of Huntington*, 339 Mich App 8, 17; 981 NW2d 72 (2021) (quotation marks and citation omitted).

---

[2] Marguerite Ladney was the Trust's settlor.

III.  LAW AND APPLICATION

The trial court did not err by ordering that the Estate and the Trust be administered separately because the Will failed to conform with the formalities of a deed as required under Section 3.2 of the Trust.  Therefore, the Estate is not entitled to half of the Trust's assets.

Appellant argues that Section 3 of the Trust granted Ladney a general power of appointment to distribute the Trust's assets, which he carried out in the Will.  Appellant attempts to sidestep the language in Section 3.2 of the Trust by arguing that the language in Sections 3.2 and 3.3 is inconsistent.  Appellant instead argues that the settlor's general intent to grant Ladney a power of appointment controls and may be carried out by any legal instrument, such as a valid will.  We disagree because appellant's interpretation is contrary to the plain language of the Trust.

When interpreting language in a trust, our primary goal is "to determine and give effect to the trustor's intent." *Le Gassick v Univ of Michigan Regents*, 330 Mich App 487, 496; 948 NW2d 452 (2019).  "Interpretation begins with an examination of the trust language, and if there is no ambiguity, the trust terms are interpreted according to the plain and ordinary meaning." *Id*. Importantly, when interpreting the language in a trust, we must "read a trust as a whole, harmonizing its terms with the intent expressed, if possible." *Bill & Dena Brown Trust v Garcia*, 312 Mich App 684, 694; 880 NW2d 269 (2015).

Here, appellant incorrectly argues that Ladney had a general power of appointment not subject to the conditional language in Section 3.2 because Sections 3.2 and 3.3 of the Trust are not inconsistent.  The Trust's unambiguous language in Section 3.2 granted Ladney a power of appointment to distribute half of the Trust's assets upon death if he executed an instrument with all the formalities of a deed.  The ordinary meaning of settlor's reference to "all the formalities of a deed" required Ladney to distribute the Trust's assets in an instrument that met the requirements for a valid deed.  Under MCL 565.8, "[d]eeds . . . shall be acknowledged before any judge, clerk of a court of record, or notary public within this state."  Moreover, as appellee states, under MCL 565.201(1)(c),

> [a] register of deeds shall not receive for recording an instrument executed after October 29, 1937 unless the instrument complies with each of the following requirements:
>
> *  *  *
>
> (c) The name of any notary public whose signature appears on the instrument is legibly printed, typewritten, or stamped on the instrument and appears on the same page near the signature of the notary public.

Thus, in order for the Will to be executed with all the formalities of a deed it must be acknowledged before a judge, clerk, or notary public, i.e., it had to be notarized.  However, appellant concedes that the Will was not notarized.  Therefore, the Will failed to satisfy Section 3.2 of the Trust, which was a specific condition set forth by settlor limiting how Ladney's power of appointment could be

carried out. Because we must give meaning to the settlor's clear directives, the Estate is not entitled to half of the Trust's assets because the Will was not executed with all the formalities of a deed, as required by Section 3.2 of the Trust.

Appellant seems to rely on language in Section 3.3 to argue that the conditional language in Section 3.2 should not be given effect. We disagree. Section 3.3 states, in part, that "the remaining assets not distributed pursuant to exercise of *any power of appointment* shall be distributed per stirpes to Settlor's then living issue." (Emphasis added.) The phrase "any power of appointment" in Section 3.3 merely references the power of appointment granted to Ladney in Section 3.2. It does not, as appellant argues, negate the conditional language in Section 3.2, which required Ladney to carry out said power in an instrument with all the formalities of a deed. Appellant's interpretation of Section 3.3 would negate the conditional language in Section 3.2, which the settlor specifically set forth. Appellant's argument also fails to read the Trust as a whole, which we are required to do when interpreting a Trust. *Bill & Dena Brown Trust*, 312 Mich App at 694. Therefore, the trial court correctly found that the Will failed to comply with Section 3.2 of the Trust because it was not executed with all the formalities of a deed.

Appellant also incorrectly argues that any technical defects in the Will should be overlooked under MCL 700.2503. But, as the trial court stated, this case does not involve a challenge to the validity of the Will. Therefore, MCL 700.2503 is inapplicable in this case.[3]

Finally, appellant argues that the trust provisions violate public policy, relying solely on *In re Cudnik v William Beaumont Hospital*, 207 Mich App 378 (1994), which is inapplicable here. The plaintiff in *Cudnik* brought a medical malpractice action that the defendant challenged due to an exculpatory clause the plaintiff was required to sign before undergoing treatment at a hospital. In deciding that such an exculpatory clause was unenforceable as against public policy, this Court followed multiple other jurisdictions that had previously decided the issue. *Id*. at 383-387. We see no similarity between the issue in *Cudnik* and the present case, and appellant offers no

---

[3] Appellant also argues that there is no rational basis to suggest that Ladney was incapable of drafting an estate plan, that he was fully capable of drafting the Will in 2023, and that the Will clearly states his intent to distribute his property to numerous individuals and entities. But appellee does not dispute the validity of the will. Rather, appellee has simply argued that the Will was not executed with all of the formalities of a deed, despite the clear requirements of Section 3.2 of the Trust, so the Estate is not entitled to half of the Trust's assets. We agree.

-4-

explanation as to why that case or any other authority should convince this Court to hold that the Trust is unenforceable as against public policy.

Affirmed.

/s/ Christopher M. Trebilcock
/s/ Sima G. Patel
/s/ Randy J. Wallace