*In re* ESTATE OF GEORGE EUGENE STAN

Docket No. 309958. Submitted June 11, 2013, at Detroit. Decided June 20, 2013, at 9:00 a.m. Leave to appeal sought.

George Eugene Stan died on July 21, 2011. He was survived by two children, Georgiann Stan and Christine Stan. Georgiann petitioned for formal administration of the decedent's estate in the Wayne County Probate Court, requesting that she be appointed as sole personal representative pursuant to her nomination in the decedent's will. Christine filed an objection to Georgiann's appointment as sole personal representative, alleging that Georgiann had refused to disclose the disposition of the decedent's properties in Michigan, Ohio, and Florida and that Georgiann had taken all the personal property of the decedent for her own use without providing Christine an accounting of those items. The probate court, June E. Blackwell-Hatcher, J., determined that Georgiann had acted outside the law when she began acting as personal representative before she was officially appointed by the court, but that Christine had not presented evidence establishing that Georgiann was unfit or unsuitable for the position of personal representative. The court proceeded to appoint Georgiann as sole personal representative. Georgiann petitioned to enforce an *in terrorem* clause in the decedent's trust against Christine, asserting that Christine had unsuccessfully challenged a provision of the decedent's will within the meaning of the clause by contesting Georgiann's appointment as sole personal representative and that Christine should therefore receive nothing under the decedent's trust. The court denied the petition, ruling that, under the circumstances, the *in terrorem* clause was not enforceable against Christine. Georgiann appealed.

The Court of Appeals *held*:

In Michigan, *in terrorem* clauses are generally valid and enforceable, but they must be strictly construed by the courts. In this case, the question was whether Christine had unsuccessfully challenged or contested any provision of the will or the trust within the meaning of the *in terrorem* clause when she objected to Georgiann's appointment as sole personal representative. Christine's objection came within the express terms of the *in terrorem*

clause. Her objection to her sister's appointment qualified as a challenge to that provision of the decedent's will that nominated Georgiann to serve as personal representative. The *in terrorem* clause, however, was unenforceable in this instance because Christine had probable cause to object to Georgiann's appointment. MCL 700.2518 and MCL 700.3905 both restrict the enforceability of an *in terrorem* clause contained in a will when an interested person has probable cause to challenge the will or institute another proceeding relating to the estate. Probable cause exists when, at the time of instituting the proceeding, there was evidence that would lead a reasonable person, properly informed and advised, to conclude that there was a substantial likelihood that the challenge would be successful. MCL 700.2518 and MCL 700.3905 were applicable because the decedent's will expressly incorporated his trust by reference and the *in terrorem* clause in the trust explicitly addressed challenges to the will. Thus, the *in terrorem* clause in the trust was made part of the will. Any ground that would justify the removal of a personal representative under MCL 700.3611(2) is equally sufficient to support an interested person's objection to the initial appointment of a personal representative under MCL 700.3203(2). Christine's allegations, that Georgiann had mismanaged the decedent's property and failed to keep interested persons reasonably informed concerning the affairs of the estate, were sufficient to warrant Christine's objection to Georgiann's appointment. Given the evidence that Georgiann took control of the decedent's assets and may have failed to account for estate property before her appointment as personal representative, Christine had probable cause to object to Georgiann's appointment as sole personal representative, and the *in terrorem* clause was unenforceable under MCL 700.2518 and MCL 700.3905. The probate court reached the correct result when it denied Georgiann's petition to enforce the *in terrorem* clause.

Affirmed.

1. WILLS — TRUSTS — *IN TERROREM* CLAUSES — ENFORCEABILITY.

*In terrorem* clauses are generally valid and enforceable, but they must be strictly construed by the courts; MCL 700.2518 and MCL 700.3905 both restrict the enforceability of an *in terrorem* clause contained in a will when an interested person has probable cause to challenge the will or institute another proceeding relating to the estate; probable cause exists when, at the time of instituting the proceeding, there was evidence that would lead a reasonable person, properly informed and advised, to conclude that there was a substantial likelihood that the challenge would be successful.

2. WILLS — PERSONAL REPRESENTATIVES — GROUNDS FOR OBJECTION TO THE APPOINTMENT OF A PERSONAL REPRESENTATIVE.

Any ground that would justify the removal of a personal representative under MCL 700.3611(2) is equally sufficient to support an interested person's objection to the initial appointment of a personal representative under MCL 700.3203(2).

*Deana L. Beard* for Georgiann Stan.

*Pentiuk, Couvreur & Kobiljak, P.C.* (by *Joseph G. Couvreur*) for Christine Stan.

Before: JANSEN, P.J., and CAVANAGH and MARKEY, JJ.

JANSEN, P.J. Petitioner Georgiann Stan (Georgiann) appeals by right the probate court's order denying her petition to enforce the *in terrorem* clause in her late father's trust against her sister, Christine S. Stan (Christine). We affirm, albeit for different reasons than those relied on by the probate court.

I

George Eugene Stan (the decedent) died on July 21, 2011, in Wayne County, Michigan. He was survived by two children, Georgiann and Christine. At the time of the decedent's death, most of his real and personal assets were situated in Florida and Ohio. The only assets in Michigan that were subject to probate were various pieces of jewelry and other household effects.[1]

In the decedent's last will, dated October 19, 2010, Georgiann was nominated to act as sole personal rep-

---

[1] Although the decedent owned real estate in Put-in-Bay, Ohio, and a mobile home in Florida, it appears that he was domiciled at the home of his daughter Christine in Allen Park, Michigan, at the time of his death. At oral argument on November 1, 2011, the probate court observed that, in light of the decedent's other assets, ancillary probate proceedings would likely be required in Ohio and Florida.

resentative of the decedent's estate. By his will, the decedent devised his tangible personal property to various persons, and directed that the residue of his estate pour over into the George E. Stan Trust (trust). The decedent's will did not contain an *in terrorem* clause.

In the trust instrument, most recently restated on October 19, 2010, Georgiann was appointed to act as sole, successor trustee upon the decedent's death. The trustee was directed, upon the decedent's death and after the payment of taxes and claims, to distribute $175,000 plus the decedent's Ohio real estate to Georgiann, and $325,000 to Christine. The trust instrument divided the remaining trust property equally between Georgiann and Christine, provided they survived the decedent.[2] In addition, the trust instrument contained the following *in terrorem* clause:

> **7.5 *IN TERROREM CLAUSE*.** If any beneficiary under this Agreement or any heir of mine, or any person acting, with or without court approval, on behalf of a beneficiary or heir, shall unsuccessfully challenge or contest the admission of my will to probate, or unsuccessfully challenge or contest any provision of my will or of this Agreement, the beneficiary or heir shall receive no portion of my estate, nor any benefits under this Agreement. However, it will not be a "challenge or contest" if [the] Trustee or a beneficiary seeks court interpretation of ambiguous or uncertain provisions in this Agreement.

On September 9, 2011, Georgiann opened her late father's estate by filing a petition for formal administration in the Wayne County Probate Court. Georgiann

---

[2] Under the trust instrument, the aforementioned specific distributions were to lapse in the event that Georgiann or Christine predeceased the decedent. Moreover, if either Georgiann or Christine predeceased the decedent, that daughter's share of the trust's remaining property was to pass to the other, surviving daughter. However, as explained previously, both Georgiann and Christine survived the decedent.

requested appointment as sole personal representative pursuant to her nomination in the will. She identified Christine, the trust, and herself as interested persons. Georgiann attached a copy of the decedent's will to her petition.

On September 19, 2011, Christine filed an objection to Georgiann's appointment as sole personal representative. Christine alleged that "Georgiann . . . has refused to disclose, despite repeated requests . . . the disposition of her father's properties located in the states of Michigan, Ohio, and Florida." Christine further alleged that "Georgiann . . . has taken all personal property of [the] deceased including jewelry, coin collection, and stamp collection for her own use" and that "[n]o accountings have ever been furnished . . . by Georgiann . . . for those items." Christine attached a letter dated August 16, 2011, purportedly from Georgiann, cautioning that if Christine unsuccessfully challenged any provision of the decedent's will or trust, she would "lose all inheritance . . . that [she] would have otherwise been entitled to." Christine requested that the probate court appoint her as a co-personal representative, to serve alongside her sister as a joint fiduciary of the estate.

The probate court held oral argument on November 1, 2011. The evidence established that although Georgiann had not yet been appointed to serve as personal representative, she had been acting in that capacity since the decedent's death and had already taken control of several of the decedent's assets. The probate court expressed its dissatisfaction. Counsel pointed out that Georgiann was nominated in the will, but the court observed that Georgiann should have waited to act until after she was officially appointed. Counsel responded that Georgiann had fulfilled all fiduciary duties with

respect to the decedent's estate and had "taken every effort to inform her sister of what is going on with the [e]state." Despite the probate court's belief that Georgiann had "act[ed] outside the law," the court noted that "the person nominated in a [w]ill is to be appointed [as personal representative] . . . unless I'm presented with evidence that they're unsuitable." The court further noted that it had heard no evidence to positively establish that Georgiann was unfit or unsuitable for the position of personal representative.

On November 1, 2011, the probate court entered an order admitting the decedent's will and appointing Georgiann to serve as sole personal representative of the decedent's estate.

On December 21, 2011, Georgiann filed a petition seeking to enforce the *in terrorem* clause in the decedent's trust against Christine. Georgiann argued that Christine had "unsuccessfully challenge[d] or contest[ed] [a] provision of [the] will" within the meaning of the *in terrorem* clause by contesting Georgiann's appointment as sole personal representative. The petition alleged that Christine had improperly challenged Georgiann's appointment, without cause, and that Christine should therefore receive nothing under the decedent's trust. Specifically, the petition alleged that Christine had challenged that portion of the decedent's will which nominated Georgiann to serve as personal representative. Georgiann argued that the decedent had intentionally included the *in terrorem* clause in his trust and that his intent should be enforced.

At oral argument on March 13, 2012, Georgiann's attorney argued that Christine did not have probable cause to challenge the provision of the decedent's will nominating Georgiann to act as sole personal representative. Counsel argued that, because Christine had

unsuccessfully challenged Georgiann's appointment as sole personal representative, Christine should be barred from receiving her share under the decedent's trust. Christine's attorney pointed out that the statute governing *in terrorem* clauses in trusts, MCL 700.7113, addresses only the effect of a proceeding brought to contest the trust, itself, and does not address the effect of contesting or challenging a will. Christine's attorney conceded that Christine had contested the decedent's will inasmuch as the will nominated Georgiann to serve as sole personal representative. However, counsel asserted that Christine was not challenging or contesting any of the specific devises under the decedent's will or any part of the decedent's trust. The probate court remarked that it would complete further legal research and take the issue under advisement.

On April 11, 2010, the probate court issued an opinion and order denying Georgiann's petition to enforce the *in terrorem* clause against Christine. The probate court first observed that, with respect to MCL 700.7113, Christine had not instituted a proceeding to contest or challenge any part of the decedent's trust. At most, Christine had challenged only the decedent's will, and specifically only that portion of the will that nominated her sister to serve as sole personal representative. Second, assuming that a challenge to the decedent's will was sufficient to trigger the *in terrorem* clause in the trust, the probate court observed that Christine had not challenged the admission of the will to probate, had not contested the will's validity, had not challenged the will on the ground of undue influence, had not argued that the decedent lacked testamentary capacity, and had not challenged any of the devises in the will. Instead, Christine had merely questioned her sister's appointment as sole personal representative, which she was legally entitled to do. Lastly, the probate court noted

that nearly all the decedent's assets were located in Florida and Ohio, very few of the decedent's assets were subject to probate in Michigan, and very little property had ever passed into the decedent's trust under the terms of his will. Accordingly, even if Christine's challenge to Georgiann's appointment was sufficient to trigger the *in terrorem* clause, Christine's forfeited share would be quite small with relatively little value. The probate court ruled that, under the circumstances, the *in terrorem* clause in the decedent's trust was not enforceable against Christine.

II

We review de novo the proper interpretation of a trust. *In re Reisman Estate*, 266 Mich App 522, 526; 702 NW2d 658 (2005). When interpreting a trust, the probate court's objective is to ascertain and give effect to the intent of the settlor. *In re Kostin Estate*, 278 Mich App 47, 53; 748 NW2d 583 (2008). "The intent of the settlor is to be carried out as nearly as possible." *Id*. We similarly review de novo the proper interpretation of a will. *In re Raymond Estate*, 276 Mich App 22, 27; 739 NW2d 889 (2007), aff'd 483 Mich 48 (2009). When interpreting a will, "[t]he probate court's role is to ascertain and give effect to a testator's intent, which it gleans solely from the plain language of the will unless there is an ambiguity." *Id*.

We review de novo issues of statutory interpretation. *In re Temple Marital Trust*, 278 Mich App 122, 128; 748 NW2d 265 (2008). Statutory words and phrases must be interpreted according to their commonly understood meanings. MCL 8.3a; *Attorney General v PowerPick Player's Club of Mich, LLC*, 287 Mich App 13, 36; 783 NW2d 515 (2010).

III

In Michigan, *in terrorem* clauses are generally valid and enforceable. *Schiffer v Brenton*, 247 Mich 512, 520; 226 NW 253 (1929); *In re Perry Trust*, 299 Mich App 525, 530; 831 NW2d 251 (2013). However, such clauses must be strictly construed by the courts. *Id.*; see also *Saier v Saier*, 366 Mich 515, 520; 115 NW2d 279 (1962).

As noted, the *in terrorem* clause in the decedent's trust purports to apply whenever a distributee or beneficiary "unsuccessfully challenge[s] or contest[s] the admission of [the] will to probate, or unsuccessfully challenge[s] or contest[s] any provision of [the] will or of this [trust] . . . ." It is undisputed that Christine did not unsuccessfully challenge or contest the admission of the will to probate. Thus, the salient question is whether Christine "unsuccessfully challenge[d] or contest[ed] any provision of [the] will or of this [trust]" within the meaning of the *in terrorem* clause when she objected to Georgiann's appointment as sole personal representative.

It appears that Christine's objection to Georgiann's appointment as sole personal representative did come within the express terms of the *in terrorem* clause. As noted, the *in terrorem* clause expressly forbade, among other things, an unsuccessful "challenge or contest [to] *any* provision of [the] will[.]" (Emphasis added). The word "any" is all-inclusive and "is defined as 'every; all.' " *Dep't of Agriculture v Appletree Marketing, LLC*, 485 Mich 1, 8; 779 NW2d 237 (2010), quoting *Random House Webster's College Dictionary* (1997). Christine's objection to her sister's appointment certainly qualified as a challenge to that provision of the decedent's will that nominated Georgiann to serve as personal representative. See *In re Wojtalewicz Estate*, 93 Ill App 3d 1061, 1062-1063; 418 NE2d 418 (1981) (observing that

the *in terrorem* clause in the testator's will "forbade any proceeding to challenge any of the provisions of the will," and that "[t]he provision of the will naming the executor obviously was within the ambit of this clause"); see also *In re Kubick Estate*, 9 Wash App 413, 419; 513 P2d 76 (1973) (observing that the *in terrorem* clause in the decedent's will "specifically applie[d] to any person who shall 'contest this will or object to any of the provisions hereof,' " and concluding that a beneficiary's petition to remove the executor nominated in the will fell within the scope of this clause).

Nevertheless, we conclude that the *in terrorem* clause at issue in this case was unenforceable as a matter of law because Christine had probable cause to object to Georgiann's appointment. The Michigan Legislature has enacted MCL 700.2518 and MCL 700.3905,[3] both of which restrict the enforceability of an *in terrorem* clause contained in a will when an interested person has "probable cause" to challenge the will or institute another proceeding relating to the estate. " 'Probable cause exists when, at the time of instituting the proceeding, there was evidence that would lead a reasonable person, properly informed and advised, to conclude that there was a substantial likelihood that the challenge would be successful.' " *In re Griffin Trust*, 281 Mich App 532, 540; 760 NW2d 318 (2008), rev'd on

---

[3] The Michigan Legislature has also enacted MCL 700.7113, which pertains solely to the enforceability of an *in terrorem* clause contained "in a trust[.]" It is true that the *in terrorem* clause at issue in the present case was contained in the decedent's trust. However, MCL 700.7113 applies only when an interested person "contest[s] the trust or institut[es] another proceeding relating to the trust[.]" We note that Christine did not contest or challenge any provision of the decedent's trust; nor did she institute any other proceeding relating to the decedent's trust. Instead, Christine challenged only that provision of the decedent's will that nominated Georgiann to serve as sole personal representative of the decedent's estate. Therefore, MCL 700.7113 does not apply in this case.

other grounds 483 Mich 1031 (2009), quoting 2 Restatement Property, 3d, Wills & Other Donative Transfers, § 8.5, comment *c*, p 195.

MCL 700.2518 provides:

> A provision in a will purporting to penalize an interested person for contesting the will or instituting other proceedings relating to the estate is unenforceable if probable cause exists for instituting proceedings.

MCL 700.3905 provides:

> In accordance with section 2518, a provision in a will purporting to penalize an interested person for contesting the will or instituting another proceeding relating to the estate shall not be given effect if probable cause exists for instituting a proceeding contesting the will or another proceeding relating to the estate.

Of course, MCL 700.2518 and MCL 700.3905 pertain only to the enforceability of an *in terrorem* clause "in a will[.]" This might appear problematic on first glance because, as explained previously, the *in terrorem* clause at issue in the present case was contained solely in the decedent's trust and not in the decedent's will. Even so, we conclude that MCL 700.2518 and MCL 700.3905 apply because the decedent's will expressly incorporated the decedent's trust by reference, and the *in terrorem* clause in the trust explicitly addressed challenges to the will. See *Vanderlinde v Bankers Trust Co of Muskegon*, 270 Mich 599, 604; 259 NW 337 (1935). In other words, the *in terrorem* clause contained in the decedent's trust was "made part of the will," *id.*, and MCL 700.2518 and MCL 700.3905 therefore apply in this case.

As already explained, Georgiann had taken control of the decedent's assets before she was appointed to serve as personal representative. The probate court was

clearly troubled by this conduct. We acknowledge that Georgiann was first in priority for appointment as personal representative because she was nominated in the decedent's will. MCL 700.3203(1)(a). But "[a] personal representative's ... powers commence upon appointment." MCL 700.3701; see also MCL 700.3103. Thus, the probate court was correct when it observed that Georgiann had "act[ed] outside the law" by taking control of estate property before her appointment.

In addition, Christine was legally entitled to object to Georgiann's appointment as sole personal representative of the decedent's estate. Although Michigan law provides that an interested person may object to the appointment of a personal representative in a formal proceeding, MCL 700.3203(2), the Legislature has not specified the grounds that would support such an objection. The Legislature has, however, enumerated the grounds for which a personal representative may be removed. These grounds include, among other things, that "[r]emoval is in the best interests of the estate," MCL 700.3611(2)(a), that the personal representative has "[m]ismanaged the estate," MCL 700.3611(2)(c)(*iii*), and that the personal representative has "[f]ailed to perform a duty pertaining to the office," MCL 700.3611(2)(c)(*iv*).[4] It would be a futile act, indeed, for the probate court to appoint an individual who has already been acting without authority, merely because he or she has priority for appointment under MCL 700.3203(1), only to immediately thereafter remove that same individual for mismanagement of the estate, failure to perform a duty, or other misconduct under MCL 700.3611(2). See *In re Moss' Estate*, 183 Neb 71, 74-75; 157 NW2d 883 (1968). We are compelled to

---

[4] We note that "[a]n interested person may petition for removal of a personal representative for cause at any time." MCL 700.3611(1).

conclude that any ground which would justify the removal of a personal representative under MCL 700.3611(2) is equally sufficient to support an interested person's objection to the initial appointment of a personal representative under MCL 700.3203(2).

In her objection to Georgiann's appointment as sole personal representative, Christine essentially asserted that her sister had mismanaged the decedent's property and had failed to keep the interested persons reasonably informed concerning the affairs of the estate.[5] Had Georgiann already been appointed to serve as personal representative, Christine's allegations surely would have been sufficient to justify the filing of a petition for Georgiann's removal under MCL 700.3611(1) and (2). We conclude that these same allegations constituted sufficient grounds to warrant Christine's objection to Georgiann's appointment pursuant to MCL 700.3203(2). In view of Georgiann's actions, it was reasonable for Christine to challenge her sister's appointment as sole personal representative and to request the appointment of co-personal representatives to serve as joint fiduciaries of the estate.

Given the evidence that Georgiann took control of the decedent's assets and may have failed to account for estate property prior to her appointment as personal

---

[5] A personal representative owes a fiduciary duty to each devisee, heir, and beneficiary. MCL 700.1212(1); see also MCL 700.1104(e) and MCL 700.3703(1). A personal representative must "discharge all of the duties and obligations of a confidential and fiduciary relationship, including the duties of undivided loyalty; impartiality between heirs, devisees, and beneficiaries; [and] care and prudence in actions . . . ." MCL 700.1212(1). He or she "shall keep each presumptive distributee informed of the estate settlement," and must regularly "account to each beneficiary by supplying a statement of the activities of the estate and of the personal representative . . . ." MCL 700.3703(4).

representative, we reach the inescapable conclusion that Christine had "probable cause" to object to Georgiann's appointment as sole personal representative of the decedent's estate. See MCR 7.216(A)(6).[6] Thus, even though Christine's objection to her sister's appointment constituted an unsuccessful challenge to a provision of the decedent's will within the meaning of the *in terrorem* clause, the *in terrorem* clause was unenforceable as a matter of law. MCL 700.2518; MCL 700.3905. The probate court reached the correct result when it denied Georgiann's petition to enforce the *in terrorem* clause against Christine. It is axiomatic that we will not reverse when the probate court has reached the right result, even if it has done so for the wrong reasons. See *Neville v Neville*, 295 Mich App 460, 470; 812 NW2d 816 (2012).

IV

Georgiann appears to argue that the probate court somehow erred by concluding that it was without jurisdiction over the decedent's trust. Contrary to Georgiann's argument, however, the probate court did not determine that it lacked jurisdiction. It is true that the probate court observed that the decedent's trust was not subject to continuing judicial supervision. See MCL 700.7201(2). But after receiving Georgiann's petition, the court proceeded to hold oral argument, consider the evidence, interpret the *in terrorem* clause, and decide the question on the merits. Georgiann's argument in this regard is accordingly without merit.

---

[6] It is of little consequence that Christine's challenge was ultimately unsuccessful. There existed sufficient grounds to support Christine's challenge to Georgiann's appointment at the time it was made, and it was not unreasonable for Christine to believe that her challenge would be successful. See *In re Griffin Trust*, 281 Mich App at 540.

V

We affirm the probate court's order denying Georgiann's petition to enforce the *in terrorem* clause against Christine.

In light of our conclusions, we need not address Georgiann's argument that the probate court erred by determining that there were very few assets under its jurisdiction and that, even if Christine's objection had triggered the *in terrorem* clause, her forfeited share would have been small with relatively little value.

Affirmed. As the prevailing party, appellee Christine S. Stan may tax costs pursuant to MCR 7.219.

CAVANAGH and MARKEY, JJ., concurred with JANSEN, P.J.