# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* PAUL V. IZYDOREK TRUST.

---

SCOTT A. RADLOFF, Trustee of the PAUL V.
IZYDOREK TRUST, SHANNON IZYDOREK,
and PAULA IZYDOREK,

        Appellees,

v

RANDALL P. IZYDOREK,

        Appellant.

UNPUBLISHED
April 17, 2018

No. 335018
Sanilac Probate Court
LC No. 13-031320-TT

---

Before: GLEICHER, P.J., and M. J. KELLY and CAMERON, JJ.

PER CURIAM.

Appellant, Randall Izydorek, appeals as of right the probate court's order approving the final sale of parcels of real estate that had been part of the Paul V. Izydorek Trust (the Trust).[1] Because there are no errors warranting reversal, we affirm.

## I. BASIC FACTS

The basic facts are undisputed. In May 2006, the Trust was executed by the settlor, Paul Izydorek. The Trust held title to five parcels of real estate in Sanilac County, Michigan, as well as a bank account, farm equipment, and accounts receivable. According to the terms of the

---

[1] Appellee, Scott Radloff, contends that the "orders appealed" are not final orders or were not timely appeals. However, the September 6, 2016 probate court order appealed from in this trust case is a final order appealable of right to this Court under MCR 5.801(B)(2)(j) as an order selling assets of the trust as it grants a petition to sell property owned by the trust. Further, the claim of appeal was timely filed 21 days after entry of that order. MCR 7.204(A)(1)(a). Accordingly, whether Randall Izydorek may seek relief from earlier probate court orders in addition to the order appealed from goes to the merits and scope of the appeal, not to whether this Court has jurisdiction over this appeal as an appeal of right.

Trust, the principal would be equally distributed to the beneficiaries over a 20-year period following the settlor's death, with the first principal distribution to occur five years after the settlor's death. The record reflects that the trust beneficiaries were the settlor's children: Randall Izydorek, Shannon Izydorek, and Paula Izydorek.[2] The settlor died in 2011, and Randall was named as the successor trustee.

In April 2013, Shannon and Paula petitioned to remove Randall as successor trustee, alleging that he had failed to provide accountings and distribute assets. When Randall provided an accounting, Shannon and Paula alleged that it contained irregularities. The beneficiaries also continued to disagree about routine matters involving the trust assets. In order to resolve the issues, the beneficiaries stipulated to place the Trust's real estate into a limited liability company (LLC) for management. As part of the agreement placing assets into an LLC, the beneficiaries agreed that the LLC would make "everyday" management decisions, but that liquidating the property would require a unanimous decision of the siblings and would not take place "unless there was an extraordinary circumstance." Consistent with the agreement, the probate court ordered the Trust's real estate transferred to an LLC.

Randall, however, refused to sign a proposed operating agreement or to transfer the Trust's property, so the probate court ordered that the LLC—known as PVI Properties—would be run in accordance with an operating agreement that reflected the parties' agreements on the record. The probate court later determined that Randall had breached his fiduciary duties, removed him as trustee, and appointed Gary Anderson as successor trustee.[3] In June 2015, Anderson petitioned the probate court to partition the Trust's real estate. Following a hearing, the probate court found that PVI Properties could not carry on its business because there were continuing disagreements over its management. Therefore, the court ordered that PVI Properties be dissolved and wind up its affairs. Two rounds of bidding on each of the five parcels was conducted, and the probate court ultimately approved the sale of each of the parcels.

This appeal follows.

## II. SUBJECT-MATTER JURISDICTION

### A. STANDARD OF REVIEW

Randall argues that the probate court lacked the authority to order the sale of the parcels of property because it did not have subject-matter jurisdiction to decide issues regarding winding up an LLC. Jurisdictional questions are questions of law that this Court reviews de novo. *Travelers Ins Co v Detroit Edison Co*, 465 Mich 185, 205; 631 NW2d 733 (2001).

---

[2] For ease of reference, we will refer to Randall, Paula, and Shannon by their first names.

[3] Anderson was later succeeded as trustee by appellee, Scott Radloff.

## B. ANALYSIS

Subject-matter jurisdiction is the power of the court to decide the *type* of case—not the particular case before it. *Bowie v Arder*, 441 Mich 23, 39; 490 NW2d 568 (1992). The probate court has exclusive legal and equitable jurisdiction to decide "[a] proceeding that concerns the validity, internal affairs, or settlement of a trust; the administration, distribution, modification, reformation, or termination of a trust; or the declaration of rights that involve a trust, trustee, or trust beneficiary . . . ." MCL 700.1302(b). Such proceedings include resolving questions that arise in the administration and distribution of trusts. MCL 700.1302(b)(*v*).

In January 2013, the probate court authorized the creation of PVI Properties to manage the Trust's real estate. The probate court's January 2013 order did not settle or terminate the Trust, and the Trust continued to have a successor trustee. Moreover, PVI Properties was subject to an operating agreement that expressly provided that it could terminate, among other events, "[b]y order of the Sanilac County Probate Court." Although "[p]arties cannot give a court jurisdiction by stipulation where it otherwise would have no jurisdiction," *Bowie*, 441 Mich at 56, the operating agreement reflects the parties' understanding that, consistent with MCL 700.1302(b), the probate court properly could exercise jurisdiction over PVI Properties as the entity established to manage the trust assets. Because the Trust continued to exist, and PVI Properties was merely the mechanism under which the trust assets were to be administered, the probate court's decisions regarding PVI Properties directly concerned the administration of a trust and fell within the probate court's subject-matter jurisdiction under MCL 700.1302(b).

## III. LIQUIDATION OF THE TRUST ASSETS

### A. STANDARD OF REVIEW

Randall also argues that the probate court erred by ordering the Trust's property sold because the siblings agreed not to sell the property unless there was unanimous agreement to sell. This Court reviews de novo the proper interpretation of a trust. *In re Stan Estate*, 301 Mich App 435, 442; 839 NW2d 498 (2013). When interpreting a trust, the settlor's intent is to be carried "as nearly as possible." *Id*. (quotation marks and citation omitted).

### B. ANALYSIS

On October 18, 2013, the parties placed their agreements regarding the creation of an LLC to administer the Trust's property on the record. Relevant to this appeal, they agreed that any decisions regarding liquidating the property had to be unanimous and the real estate would not be sold absent extraordinary circumstances. However, although the parties' agreement concerned the administration of the Trust by the LLC, it did not place any conditions on terminating the Trust—which is what the probate court ultimately did in this case.

Moreover, the probate court acted within its statutory authority when it ordered the Trust property sold and the Trust terminated. MCL 700.7412 provides that the probate court has power to modify a trust if continuing it would be impractical, wasteful, or impair the trust's administration. MCL 700.7412(1). The testimony established that continuing to administer the trust was wasteful and impaired the trust's administration. While the beneficiaries did not wish to sell the trust property, a probate court must refer to the settlor's intent when terminating a

trust. See MCL 700.7412(2). By its terms, the Trust provided that its eventual intent was to distribute to each beneficiary the value of the trust assets. We conclude that the probate court's decision to order the property sold and the proceeds distributed equally among the beneficiaries is consistent with the settlor's stated intent to distribute the value of the trust assets to the beneficiaries. As a result, the court did not err by ordering the property sold.

Randall contends that the probate court should have partitioned the property rather than ordering it sold. However, a trust beneficiary has no right to have property partitioned. *In re Temple Marital Trust*, 278 Mich App 122, 142-143; 748 NW2d 265 (2008). Furthermore, when there is no viable method suggested to partition the property into equal shares, the probate court does not abuse its discretion by denying a request to partition the property. *Id*. at 144. Here, all of the Trust's property was encumbered by a single lease. The parties testified about their disputes regarding splitting the property, which included testimony that surveying and appraisals would generate additional expense. For those reasons, we conclude that the trial court did not err by ordering the parcels sold individually with the proceeds equally distributed to the beneficiaries.

Affirmed. Appellees may tax costs as the prevailing party. MCR 7.219.

/s/ Elizabeth L. Gleicher
/s/ Michael J. Kelly
/s/ Thomas C. Cameron

-4-