*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* DONALD F. CLARK TRUST.

---

| | |
|---|---|
| ELAINE D. CLARK and DONALD L. CLARK, | UNPUBLISHED |
| | February 20, 2020 |
| Appellants, | |
| v | No. 346539 |
| | Iosco Probate Court |
| MICHAEL MOONEY, | LC No. 18-003656-TV |
| Appellee. | |

---

Before: SAWYER, P.J., and MARKEY and STEPHENS, JJ.

PER CURIAM.

Petitioners-appellants appeal by right the probate court's order holding that respondent-appellee is an interested person in regard to a petition to terminate the Donald F. Clark trust. Petitioners argue that the probate court's conclusion is contrary to the plain language of applicable statutes and court rules. We affirm the probate court's decision.

On November 29, 2017, Donald F. Clark ("Settlor") created a noncharitable, irrevocable trust to provide for the benefit and welfare of himself and his wife, appellant Elaine D. Clark. The trust named respondent as trustee and provided that he would have the sole discretion to distribute any trust income or principal to the beneficiaries. Elaine was the primary beneficiary, and upon her death, her son, appellant Donald L. Clark, would become the sole beneficiary. On Donald L. Clark's death, if the trust had not been completely distributed, the remainder would be distributed to respondent. Settlor died on December 9, 2017. On March 22, 2018, the probate court removed respondent from his position as trustee to avoid a conflict of interest. On August 2, 2018, petitioners filed a petition to terminate the trust and did not serve respondent notice. The probate court adjourned the hearing on the petition to determine whether respondent was entitled to notice. Respondent asserted that he was a qualified beneficiary and an interested party and that he did not consent to the termination of the trust. On October 22, 2018, the probate court held that respondent was an interested party as a terminal remainderman and had the right to object to petitioners' motion to terminate the trust.

This Court reviews de novo questions of law regarding the interpretation and application of statutes and court rules. *Henry v Dow Chem Co*, 484 Mich 483, 495; 772 NW2d 301 (2009); *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008). This Court also reviews de novo the interpretation of a trust. *In re Estate of Stan*, 301 Mich App 435, 442; 839 NW2d 498 (2013).

The Court applies the same principles of interpretation to both statutes and court rules. *Acorn Investment Co v Mich Basic Prop Ins Ass'n*, 495 Mich 338, 350; 852 NW2d 22 (2014). First, this Court will consider the plain language of the rule or statute. *In re Jajuga Estate*, 312 Mich App 706, 712; 881 NW2d 487 (2015). " 'If the language of a statute is clear and unambiguous, the statute must be enforced as written and no further judicial construction is permitted.' " *Id.*, quoting *Book-Gilbert v Greenleaf*, 302 Mich App 538, 541; 840 NW2d 743 (2013). Even if the meaning is ambiguous, " 'courts cannot insert a provision [in the rule or statute] simply because it would have been wise of the Legislature to do so to effect the statute's purpose.' " *Jajuga*, 312 Mich App at 732, quoting *Book-Gilbert*, 302 Mich App at 542. However, "[w]hen interpreting a trust, the probate court's objective is to ascertain and give effect to the intent of the settlor" and carry that intent out as nearly as possible. *Stan*, 301 Mich App at 442. Further, this Court may affirm a lower court's decision even if the lower court reached the correct result for the wrong reason. *People v Chapman*, 425 Mich 245, 254; 387 NW2d 835 (1986).

MCR 5.125(C) dictates that "[w]hen a single petition requests multiple forms of relief, the petitioner must give notice to all persons interested in each type of relief." MCR 5.125(C)(32) defines an interested person for purposes of the termination of a noncharitable irrevocable trust as follows:

> Subject to the provisions of Part 3 of Article VII of the Estates and Protected Individuals Code, the persons interested in the modification or termination of a noncharitable irrevocable trust are:
>
> (a) the *qualified trust beneficiaries* affected by the relief requested,
>
> (b) the settlor,
>
> (c) if the petitioner has a reasonable basis to believe the settlor is an incapacitated individual, the settlor's representative, as referred to in MCL 700.7411(6);
>
> (d) the trust director, if any, as referred to in MCL 700.7103(m),
>
> (e) the current trustee, and
>
> (f) any other person named in the terms of the trust to receive notice of such a proceeding. [Emphasis added.]

Here, respondent is entitled to notice only if he can be considered a qualified trust beneficiary under MCR 5.125(C)(32)(a). A qualified trust beneficiary is defined under MCL 700.7103(g) as

> a trust beneficiary to whom 1 or more of the following apply on the date the trust beneficiary's qualification is determined:

(*i*) The trust beneficiary is a distributee or permissible distributee of trust income or principal.

(*ii*) The trust beneficiary would be a distributee or permissible distributee of trust income or principal if the interests of the distributees under the trust described in subparagraph (i) terminated on that date without causing the trust to terminate.

(*iii*) The trust beneficiary would be a distributee or permissible distributee of trust income or principal if the trust terminated on that date.

Petitioners argue that this statute is best understood as creating two "tiers" of beneficiaries: current beneficiaries who are currently entitled to trust income and principal distributions, and first-line and terminal remaindermen who would receive trust income and principal if there were no other current beneficiary. Any subsequent beneficiaries would be too remote to be considered qualified trust beneficiaries. Here, the first two "tiers" are filled by Elaine as the initial beneficiary and Donald L. Clark as the beneficiary who would receive distributions if Elaine's trust were terminated. Therefore, respondent's interest is too remote for respondent to be considered a qualified trust beneficiary under MCL 700.7103(g).

However, respondent can be considered an interested party under the catch-all provisions in MCR 5.125:

(D) The court shall make a specific determination of the interested persons if they are not defined by statute or court rule.

(E) In the interest of justice, the court may require additional persons be served. [MCR 5.125(D)-(E).]

Petitioners argue that MCR 5.125(C)(32) specifically excludes respondent from its definition, and that MCR 5.125(D) is therefore not applicable. We agree that where the statute provides a detailed definition of "interested parties", it would ordinarily be error to add additional persons to that definition under the doctrine of expressio unis est exclusio alterius. The doctrine of expressio unis est exclusio alterius provides that "an express mention of one thing generally implies the exclusion of other similar things that were not mentioned." *Houghton Lake Area Tourism & Convention Bureau v Wood*, 255 Mich App 127, 151; 662 NW2d 758 (2003). The doctrine cannot be applied if it defeats the Legislature's intent; rather, it is a means to determine that intent. There is no question but that EPIC defers to the intent of a grantor. The probate court's opinion relied heavily on the intent of the grantor to involve the respondent in the affairs of the trust. We decline to find the respondent an undefined interested person in this case but we do not find error in the court's determination that he should be afforded notice and participation in matters concerning the termination of the trust. Although the probate court did not specifically refer to MCR 5.125(E) in its decision, it did note that it would be in the interest of justice to include respondent as an interested person because that interpretation would maintain Settlor's intent for the trust. The court noted:

[W]hen this trust was created, Mr. Clark made Mr. Mooney the trustee . . . . I think, clearly, on its face [Mr. Clark] wanted Mr. Mooney to be part and parcel . . . . I

-3-

think I am trying to keep it within the realm of the trust that was created by Mr. Clark.

* * *

And I think Mr. Mooney is interested in a couple of ways. First of all, he was the original trustee. This just flies in the face of protecting the interest of the trust . . . . I think Mr. Mooney needs to be part of [the decision to terminate the trust]. I think it was Mr. Clark's intention that he take part in it.

Given that the probate court's objective is to ascertain and carry out the intent of the settlor as nearly as possible, *Stan*, 301 Mich App at 442, the probate court did not err by holding that respondent is an interested party under this rationale.

Affirmed.

/s/ David H. Sawyer
/s/ Jane E. Markey
/s/ Cynthia Diane Stephens