*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* LINDA COMPS-KLINGE TRUST.

---

JEAN M. PATTERSON, Trustee of the LINDA
COMPS-KLINGE TRUST,

       Appellee,

v

ROBERT KLINGE,

       Appellant.

UNPUBLISHED
March 17, 2022

No. 356313
Allegan Probate Court
LC No. 19-062003-TT

---

*In re* ESTATE OF LINDA SUE COMPS-KLINGE.

---

JEAN M. PATTERSON, Personal Representative of
the ESTATE OF LINDA SUE COMPS-KLINGE,

       Appellee,

v

ROBERT KLINGE,

       Appellant.

No. 356325
Allegan Probate Court
LC No. 19-061518-DE

---

Before: RIORDAN, P.J., and K. F. KELLY and SWARTZLE, JJ.

PER CURIAM.

-1-

In these consolidated appeals,[1] respondent, Robert Klinge, appeals by right the probate court's order granting petitioner, Jean M. Patterson, summary disposition pursuant to MCR 2.116(C)(9) (failure to state a valid defense) and (10) (no genuine issue of material fact) and denying respondent's request to amend his pleadings. We reverse and remand to the trial court for further proceedings consistent with this opinion.

## I.  FACTS

At the time of decedent's death in December 2018, she and respondent had been married for 25 years. Apparently unbeknownst to respondent, decedent created a will and trust in 2007. Decedent named her sister, petitioner, as trustee. The trust agreement provided that if respondent survived decedent, decedent's personal effects would be allocated to the "Robert Klinge Trust." Decedent intended for respondent to have the ability to use decedent's assets, including her home, travel trailer, and other land, and that the assets be protected from respondent's creditors. Following respondent's death, the assets would be distributed to decedent's nieces and nephews, including petitioner's children. The trust agreement also included an "Incontestability Provision," which provided that any person who challenged decedent's estate or trust agreement would be disinherited.

After decedent's death, respondent filed an objection to inventory and explained that decedent owned their marital home before they were married, but that they lived there together for their 25-year marriage. Further, respondent asserted that he and decedent "doubled the size" of the home during their marriage, using both of their money. Likewise, respondent argued that he and decedent bought the travel trailer and vacant land together. Respondent explained that the assets were titled in decedent's name alone in order to protect the assets from his creditors, as he was involved in a lawsuit. Respondent asserted that he did not know that decedent deeded the home and vacant land to her trust in 2007.

In response, petitioner filed a petition to register the trust and disinherit respondent in accordance with the Incontestability Provision. Petitioner later moved for summary disposition pursuant to MCR 2.116(C)(9) and (10). In response, respondent claimed for the first time that petitioner exerted undue influence over decedent to influence decedent to title the joint assets in decedent's name alone and in setting up decedent's trust without consultation with respondent. Respondent further requested an opportunity to amend his pleadings. The probate court denied respondent's request to amend his pleadings and granted petitioner's motion for summary disposition, disinheriting respondent. The probate court later denied respondent's motion for reconsideration. This appeal followed.

## II.  STANDARD OF REVIEW

This Court reviews de novo a trial court's decision whether to grant a motion for summary disposition pursuant to MCR 2.116(C)(10). *Glasker-Davis v Auvenshine*, 333 Mich App 222, 229; 964 NW2d 809 (2020). This Court also reviews de novo whether the pleadings sufficiently stated

---

[1] See *In re Linda Comps-Klinge Trust*, unpublished order of the Court of Appeals, entered April 13, 2021 (Docket Nos. 356313 & 356325).

-2-

a claim and "the sufficiency of any assertions of affirmative defense." *Id*. A trial court properly grants summary disposition under MCR 2.116(C)(9) when, even accepting the defendant's well-pleaded allegations as true, the defendant has failed to plead a valid defense to a claim. See *Slater v Ann Arbor Pub Sch Bd of Educ*, 250 Mich App 419, 425; 648 NW2d 205 (2002). "Pleadings include only complaints, cross-claims, counterclaims, third-party complaints, answers to any of these, and replies to answers." *Id*.

This Court reviews for an abuse of discretion a trial court's decision on a motion for leave to amend a pleading. *Weymers v Khera*, 454 Mich 639, 654; 563 NW2d 647 (1997). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *In re Kostin Estate*, 278 Mich App 47, 51; 748 NW2d 583 (2008).

## III. DISCUSSION

Respondent argues that the probate court erred by denying his motion to amend his pleadings to add a claim of undue influence, and further, that the probate court erred by granting petitioner's motion for summary disposition under MCR 2.116(C)(10) because he established a genuine issue of material fact with regard to that claim. We agree with the first argument and decline to address the second argument.[2]

A settlor's intent "is to be carried out as nearly as possible." *In re Kostin Estate*, 278 Mich App 47, 53; 748 NW2d 583 (2008). Generally, *in terrorem* clauses are valid and enforceable. *In re Estate of Stan*, 301 Mich App 435, 443; 839 NW2d 498 (2013). However, MCL 700.7113 provides as follows:

> A provision in a trust that purports to penalize an interested person for contesting the trust or instituting another proceeding relating to the trust shall not be given effect if probable cause exists for instituting a proceeding contesting the trust or another proceeding relating to the trust.

"Probable cause exists when, at the time of instituting the proceeding, there was evidence that would lead a reasonable person, properly informed and advised, to conclude that there was a substantial likelihood that the challenge would be successful." *In re Estate of Stan*, 301 Mich App at 444 (quotation marks and citation omitted). MCL 700.7406 provides that "[a] trust is void to the extent its creation was induced by fraud, duress, or undue influence."

"To establish undue influence it must be shown that the grantor was subjected to threats, misrepresentation, undue flattery, fraud, or physical or moral coercion sufficient to overpower volition, destroy free agency, and impel the grantor to act against the grantor's inclination and free

---

[2] Respondent does not argue that the probate court erred by implicitly concluding that his original objection to inventory, as drafted, did not satisfy MCL 700.7113. Thus, we assume without deciding that the probate court properly granted petitioner's motion for summary disposition to that extent.

will." *In re Estate of Erickson*, 202 Mich App 329, 333; 508 NW2d 181 (1993). There exists a presumption of undue influence when evidence has been introduced that would establish:

> (1) the existence of a confidential or fiduciary relationship between the grantor and a fiduciary, (2) the fiduciary, or an interest represented by the fiduciary, benefits from a transaction, and (3) the fiduciary had an opportunity to influence the grantor's decision in that transaction. [*Id*.]

Motive, opportunity, and ability to control are not enough to establish undue influence without "affirmative evidence that it was exercised." *Id*.

In this case, there is no dispute that respondent did not assert undue influence as a direct claim in his objection to inventory, nor did he assert it as an affirmative defense in his response to the petition to disinherit him. Additionally, undue influence was not significantly implied as a claim in those filings by respondent. Typically, only claims that are raised in the pleadings may be litigated. See *Lenawee Co v Wagley*, 301 Mich App 134, 160; 836 NW2d 193 (2013).

However, courts have the power to amend pleadings in any proceedings "for the furtherance of justice." MCL 600.2301. MCR 2.118(A)(1) provides that a "party may amend a pleading once as a matter of course within 14 days after being served," and MCR 2.118(A)(2) provides that a party may otherwise amend a pleading "by leave of the court or by written consent of the adverse party." Further, leave to amend "shall be freely given when justice so requires." MCR 2.118(A)(2). Therefore, amendment is generally a matter of right rather than "grace," and a court's discretion is limited under the standard that "leave shall be freely given when justice so requires." *Ben P Fyke & Sons, Inc v Gunter Co*, 390 Mich 649, 658-659; 213 NW2d 134 (1973). MCR 2.116(I)(5) provides that a trial court "shall give the parties an opportunity to amend their pleadings as provided by MCR 2.118" when the grounds for summary disposition are based on MCR 2.116(C) (8), (9), or (10), unless the amendment would not be justified.

"A motion to amend ordinarily should be granted." *Weymers*, 454 Mich at 658. A trial court should only deny a motion to amend on the basis of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendant, or futility. *Id*. Delay alone does not just the denial of a motion to amend. *Id*. at 659. Further, prejudice does not mean that the "amendment may cause the opposing party to ultimately lose on the merits." *Id*. Instead, prejudice exists when an "amendment would prevent the opposing party from receiving a fair trial." *Id*. A party may be unable to receive a fair trial if, because of the delay, witnesses or necessary evidence was no longer available. *Id*. Prejudice may exist "when the moving party seeks to add a new claim or a new theory of recovery on the basis of the same set of facts, after discovery is closed, just before trial, and the opposing party shows that he did not have reasonable notice, from any source, that the moving party would rely on the new claim or theory at trial." *Id*. at 659-660.

A trial court hearing a motion for summary disposition must grant parties the opportunity to amend pleadings so long as the amendment would not be futile. *Id*. at 658, citing MCR 2.116(I)(5). An amendment is futile when, "(1) ignoring the substantive merits of the claim, it is legally insufficient on its face; (2) it merely restates allegations already made; or (3) it adds a

claim over which the court lacks jurisdiction." *PT Today, Inc v Comm'r of Fin & Ins Serv*, 270 Mich App 110, 143; 715 NW2d 398 (2006) (citations omitted).

The probate court found that "an amendment would not invoke MCL 700.7113" and would not survive summary disposition because respondent did not fulfill the burden of establishing a presumption of undue influence. However, this reasoning does not support a finding that an amendment would be futile. First, respondent's proposed amendment would not be legally insufficient on its face. See *id*. A supported claim of undue influence would provide probable cause to challenge the trust agreement, thereby avoiding the effect of the Incontestability Provision. See MCL 700.7113; MCL 700.7406. Therefore, the amendment would not be "legally insufficient on its face." See *PT Today, Inc*, 270 Mich App at 143. Second, the amendment would not simply restate allegations already made, particularly as petitioner specifically argues that respondent did not originally raise undue influence as an issue. See *id*. Instead, the amendment would specifically challenge the creation of the trust, and the claim was not without facial merit. A finding that petitioner exerted undue influence would invalidate the trust. See MCL 700.7406. Finally, the amendment would not add a claim over which the probate court lacked jurisdiction, and there was no indication that respondent engaged in bad faith or undue delay in the time before he requested to amend his objection. See *PT Today Inc*, 270 Mich App at 143.

Therefore, because the probate court's denial of respondent's motion to amend resulted in an injustice and the amendment would not be futile, we conclude that the probate court abused its discretion by denying that motion. See *id*. at 142. Having so concluded, we further conclude that the probate court erred by prematurely addressing the merits of the undue-influence claim. In other words, where respondent was entitled to amend his pleadings to add that claim, the probate court should have allowed for further proceedings to address the merits of that claim—which may include a grant of summary disposition at a later date. Compare *Wolfenbarger v Wright*, 336 Mich App 1, __; __NW2d __ (2021) (Docket No. 350668); slip op at 13 (remanding to the trial court for further proceedings as to the plaintiffs' trespass and nuisance claims, which the plaintiffs had unsuccessfully sought to raise in the trial court through a motion to amend the complaint).

## IV. CONCLUSION

We conclude that the probate court abused its discretion by denying respondent's motion to amend. Therefore, we reverse its order to the contrary and remand to that court for further proceedings consistent with our opinion. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Kirsten Frank Kelly
/s/ Brock A. Swartzle

-5-