*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* WALTER SPARLING REVOCABLE TRUST.

---

VICKI TURNBULL, JUDITH MILLER, DELORES GAUVEY, and JOHN SPARLING,

Appellants,

v

MARY SPARLING, and GREGORY SPARLING and WAYNE SPARLING, as Co-Trustees of the WALTER SPARLING REVOCABLE TRUST,

Appellees.

UNPUBLISHED
May 14, 2026
10:03 AM

No. 370971
St. Clair Probate Court
LC No. 18-000526-TV

---

Before: BAZZI, P.J., and BOONSTRA and SWARTZLE, JJ.

PER CURIAM.

Appellants filed a petition related to their deceased father's trust and requested the probate court to compel an accounting, return of property, and turn-over of real estate as well as to remove the cotrustees. The trial court denied the petition, and appellants now appeal. We affirm.

## I. BACKGROUND

This appeal is one of several disputes that have arisen following the death of Walter Sparling. See *Sparling v Sparling*, unpublished per curiam opinion of the Court of Appeals, issued June 16, 2022 (Docket No. 355843), lv den 510 Mich 1065 (2022); see also *Sparling v Rumple*, unpublished per curiam opinion of the Court of Appeals, issued July 17, 2025 (Docket No. 369228). Walter was married to his wife Mary for 66 years and had eight children, some of whom are the appellants and appellees in this case: Vicki, Judith, Delores, John, Gregory, and Wayne.

Before Walter's death, the Walter Sparling Revocable Trust was established, which provided that after Walter passed away, the trustees were to distribute the funds as follows:

(a) The Trustees shall pay to Donor's wife, Mary L. Sparling, if she survives Donor, the entire net income from this Trust, at convenient times, but at least quarter-annually, during her lifetime; and shall grant to spouse the use of the personal residence for her lifetime.

(b) If, in Trustees' opinion, the income from this Trust, together with other resources available to her, is not sufficient for her care and support, in the manner in which she shall have been accustomed, the Trustees shall from time to time use such portion of the principal of this Trust as they may deem necessary or wise for any of those purposes.

Once Mary passed away, the income and principal would be paid to Walter's children or their estates according to the revocable trust.

Thirty years after the revocable trust was established, Walter executed the Walter Sparling Irrevocable Grantor Trust, and a significant amount of the income-producing assets were transferred from the revocable trust to the new irrevocable trust. Mary sued, claiming that the irrevocable trust was invalid, and a jury found that Walter did not have sufficient mental capacity to create the irrevocable trust. The trial court found that no affirmative defenses applied and ordered the dissolution of the irrevocable trust and the return of the assets to the revocable trust. This Court affirmed the trial court's decision. *Sparling*, unpub op at 2.

During the first lawsuit, the cotrustees, sons Greg and Wayne, did an accounting of Mary's income and expenses the three years prior to Walter's death. The cotrustees determined that Mary was accustomed to $17,000 per month in income, that the trust had not been paying that amount to Mary, and that based on the years of underpayment, the revocable trust owed Mary approximately $580,000. The cotrustees also calculated that if the irrevocable trust was invalid, the shortfall in income payments due to improperly diverted assets would be approximately $1.8 million.

During the prior litigation, Mary's attorney sent a letter to the cotrustees demanding the missing net income from assets that were improperly transferred to the irrevocable trust. The cotrustees forwarded the letter to the attorney who drafted the revocable trust and directed the attorney to negotiate a settlement with Mary if warranted.

As a result of the negotiations, Mary and the cotrustees entered into a settlement agreement that provided a payment of $746,000 to Mary from the revocable trust. The settlement occurred before the dissolution of the irrevocable trust and return of the assets to the revocable trust, so the cotrustees sold stock held by the revocable trust to meet the payment obligations under the settlement agreement. Mary and the trustees entered into an addendum to the settlement agreement that provided that Mary would receive a condominium in Florida in lieu of some of the monthly payments under the agreement.

After the trial court issued its order dissolving the irrevocable trust, daughter Vicki filed a petition with the probate court, and as a result of the petition, the probate court ordered the cotrustees to file an inventory of all assets in the revocable trust and an accounting of the transfer of any principal from the revocable trust to Mary. The cotrustees filed an accounting and provided a copy of the settlement agreement.

Over a year after the cotrustees provided this information, appellants filed the instant petition seeking an accounting, return of excess funds paid to Mary, removal of Greg and Wayne as trustees, return of trustee fees, and appointment of an independent trustee. Appellants alleged that the cotrustees had made a concerted effort to deplete the assets of the revocable trust for their own benefit to the detriment of the other children without properly taking into account Mary's need or other sources of income. The cotrustees and Mary asked the probate court to approve the settlement agreement under MCL 700.7111, arguing that the agreement resolved a liability to Mary on favorable terms and respected Walter's intent.

After a two-day evidentiary hearing at which Greg, John, and Wayne testified, the probate court issued a written opinion denying the relief requested in the petition and approving the settlement under MCL 700.7111. The probate court held that Mary's demand for reimbursement created a dispute that had a possibility of resulting in liability for the trust, and therefore, the cotrustees were within their statutory and trust authority to enter into the settlement agreement and addendum. Further, the probate court held that the cotrustees did not breach their fiduciary duties and that appellants did not establish grounds for removal.

Appellants now appeal.

## II. ANALYSIS

### A. APPROVAL OF SETTLEMENT AGREEMENT AND ADDENDUM

On appeal, appellants argue that the probate court erred in approving the settlement agreement and addendum under MCL 700.7111 because the cotrustees' representation was inadequate, and the agreements violated the revocable trust's material purpose. We review for an abuse of discretion the probate court's decisions and for clear error the probate court's findings of fact. *In re Huntington Estate*, 339 Mich App 8, 17; 981 NW2d 72 (2021). An abuse of discretion occurred if the trial court's decision resulted in an outcome that falls outside the range of principled outcomes or there was an error of law. *Id.* A factual finding is clearly erroneous if the Court "is left with a definite and firm conviction that a mistake has been made." *In re Guardianship of Redd*, 321 Mich App 398, 403; 909 NW2d 289 (2017). We review de novo the interpretation of a trust. *In re Stan Estate*, 301 Mich App 435, 442; 839 NW2d 498 (2013).

The probate court approved the settlement agreement under MCL 700.7111, which permits nonjudicial settlement agreements to resolve the following matters:

(a) The interpretation or construction of the terms of the trust.

(b) The approval of a trustee's report or accounting.

-3-

(c) Direction to a trustee to perform or to refrain from performing a particular act or to grant to or to withhold from a trustee any power.

(d) The resignation or appointment of a trustee and the determination of a trustee's compensation.

(e) Transfer of a trust's principal place of administration.

(f) Liability of a trustee for an action relating to the trust. [MCL 700.7111(3).].

The probate court shall enter an order that approves the agreement if "representation as provided in part 3 was adequate, that the agreement does not violate a material purpose of the trust, and that the agreement contains terms and conditions the court could have properly approved." MCL 700.7111(4).

On appeal, appellants argue that the probate court erred in approving the settlement agreement and addendum because the agreements violated the material purpose of the revocable trust. When a court is interpreting a trust, the "objective is to ascertain and give effect to the intent of the settlor" as much as possible. *In re Special Needs Trust for Moss*, 342 Mich App 262, 267; 994 NW2d 820 (2022). Unless there is ambiguity, the settlor's intent is determined from the document itself. *In re Kostin Estate*, 278 Mich App 47, 53; 748 NW2d 583 (2008).

Here, the revocable trust provided that the trustees pay Mary the entire net income from the trust and grant use of the personal residence for her lifetime. Further, if the income combined with other resources available were not sufficient for the care and support to which Mary was accustomed, then the trustees were to use the principal as they deemed necessary or wise.

The trust, the trustees, and the probate court were all clear that the purpose of the trust was to give Mary the income from the trust during her lifetime. This purpose was thwarted when income-producing assets were removed from the revocable trust and placed in the irrevocable trust that was later found to be invalid due to Walter's diminished mental capacity. The settlement attempted to restore Mary to the position that she would have been in had the trust's purpose been respected throughout the years.

Further, appellants miss the mark when they argue that the trust had no liability to Mary for the lost income. The trust permitted the trustees to settle and compromise valid potential claims against the trust, not just present liabilities. Parties can negotiate and settle claims with or without an on-going lawsuit or a final judgment establishing liability. *Abdelmaguid v Dimensions Ins Grp, LLC*, ___ Mich App ___, ___; ___ NW3d___ (2024) (Docket No. 361674); slip op at 13. See also *Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 52; 664 NW2d 776 (2003). Mary had a valid claim against the trust that the trustees were permitted to settle, regardless of whether Mary reduced the claim to a judgment against the trust. Therefore, the trial court did not abuse its discretion in finding that the settlement was in furtherance of the material purpose of the trust, given that the settlement returned to Mary income that she would have received but for the invalid irrevocable trust.

As for appellants' other arguments pertaining to the approval of the settlement, these arguments were not raised when the matter was litigated in the probate court. Because we honor

the "raise-or-waive" rule in ordinary civil cases like this one, these issues were not preserved for our review, and we decline to consider them. *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg*, LLC, 347 Mich App 280, 289; 14 NW3d 472 (2023). Thus, the probate court did not abuse its discretion when it approved the settlement agreement.

## B. BREACH OF FIDUCIARY DUTIES

Appellants also argue on appeal that the probate court abused its discretion when it found that the cotrustees did not breach their fiduciary duties. A trustee has the following duties: "undivided loyalty; impartiality between heirs, devisees, and beneficiaries; care and prudence in actions; and segregation of assets held in the fiduciary capacity." MCL 700.1212(1). To be prudent, the trustee must act "with care, diligence, integrity, fidelity and sound business judgment." *Matter of Green Charitable Trust*, 172 Mich App 298, 313; 431 NW2d 492 (1988). The trustee must "administer the trust in good faith, expeditiously, in accordance with its terms and purposes, [and] for the benefit of the trust beneficiaries." MCL 700.7801.

If a trustee breaches a duty, then the probate court has several potential remedies including compelling the trustee to redress the breach, ordering an accounting, and removing the trustee. MCL 700.7901(2). Mere mistakes or errors of judgment are not sufficient to show a breach of duty if the trustee "acted in good faith and within the limits of the law and of the trust." *Green*, 172 Mich App at 314.

Appellants argue that the cotrustees breached their fiduciary duties by settling Mary's claim and decreasing the principal of the trust without proper investigation. The cotrustees entered the settlement agreement after receiving the advice of legal counsel and determining that the amount for settlement would actually be less than Mary's claim. MCL 700.7817(w) and the trust's terms allowed the cotrustees to retain counsel and "act without independent investigation upon the attorney's recommendation"; not only did the cotrustees rely on counsel's advice, but they also did their own investigation into the amount Mary should have been receiving. Moreover, the settlement was favorable to the trust, in that Mary accepted less than what she was likely entitled. Therefore, the cotrustees did not breach their duties by entering into the settlement agreement with Mary.

As for appellants' other arguments regarding breach of duties, including failure to inform and obtain consent, appellants on appeal do not provide support for their position. "A party may not simply announce a position and leave it to this Court to make the party's arguments and search for authority to support the party's position." *Seifeddine v Jaber*, 327 Mich App 514, 519; 934 NW2d 64 (2019). Further, we decline to consider such arguments that were not raised in the probate court. *Tolas*, 347 Mich App at 293-294.

## III. CONCLUSION

Because the trust properly entered into the settlement agreement with Mary, and the

trustees did not breach their fiduciary duties in doing so, the trial court did not abuse its discretion in denying appellants' petition.

Affirmed.

/s/ Mariam S. Bazzi
/s/ Mark T. Boonstra
/s/ Brock A. Swartzle